THOMAS NOBLE

*v.*

MAGGIE FICKES *et al.*

*Opinion filed October 23, 1907—Rehearing denied Dec. 5, 1907.*

1. WILLS—*there is no prescribed form for a will.* Any instrument in writing, however informal, which is made with the *expressed intent* of giving a posthumous destination to the maker's property, if executed in accordance with the requirements of the statute relating to wills, is a good testamentary disposition.

2. SAME—*when valid will may be made in form of a deed.* A valid will may be made in the form of an ordinary deed if the formalities of the statute relating to wills have been observed, provided it clearly appears on the face of the instrument that it is not to take effect until the death of the maker.

3. SAME—*rules of evidence in regard to wills are the same as in case of contracts.* The rules for the admission and exclusion of evidence in regard to wills are substantially the same as those relating to contracts, and such evidence is not admissible to show the testator's intention except to enable the court to interpret the language used and the circumstances under which the testator used it.

4. SAME—*when deed cannot be probated as will.* An ordinary, statutory form of warranty deed, even though attested by two credible witnesses, cannot be probated as a will where there is no ambiguity in the deed, which on its face purports to convey a present interest and which can only be converted into a testamentary disposition by resort to parol evidence to show that the grantor did not intend it to take effect until his death. (*Cline* v. *Jones*, 111 Ill. 563, distinguished.)

CARTWRIGHT and CARTER, JJ., dissenting.

APPEAL from the Circuit Court of Carroll county; the Hon. O. E. HEARD, Judge, presiding.

This is an appeal from the circuit court of Carroll county from a judgment denying probate of an instrument alleged to be a will of John Noble. The instrument offered for probate is in the form of a statutory warranty deed, and purports to convey, in consideration of natural love and af-

fection, 503½ acres of land in Carroll county to Thomas Noble, son of John Noble. The instrument was executed on August 24, 1897, and was duly acknowledged by John Noble and attested by two credible witnesses,—Jacob Slayman and Don R. Fraser. On June 10, 1898, John Noble executed a last will, the fifth clause of which is as follows:

"*Fifth*—The remainder of my estate, both real and personal, excepting the home farm, containing 503½ acres, which I have heretofore deeded to my son Thomas Noble, I give, devise and bequeath to my sons, Robert Noble, Thomas Noble and John W. Noble, share and share alike."

This will was duly admitted to probate on the 11th day of July, 1904, and properly recorded in Carroll county. At the time of his death John Noble left nine surviving children,—the three sons mentioned in clause 5 of his will, and six daughters: Elizabeth Tipton, Ada Ostandere, Isabelle Summerville, Anna Herrington, Maggie Fickes and Lydia McPeak. Two of the daughters, Elizabeth Tipton and Ada Ostandere, filed a bill in partition against the other children, alleging that the instrument involved in this suit was null and void as a conveyance, for the reason that it had not been delivered in the lifetime of their father. Thomas Noble, the appellant in the case at bar, answered the bill, alleging that the deed was executed and delivered on the day of its date; that it was deposited with Joseph S. Miles, the cashier of the First National Bank of Mt. Carroll, to be delivered to him upon the death of his father, and that, relying upon the deed, he had made large expenditures and improvements in the erection of valuable buildings on the premises. Thomas Noble filed a cross-bill in that case, alleging the substance of the matter set up in his answer and praying for a decree establishing his title under the deed. Upon a hearing the cross-bill was dismissed, the deed in question was declared of no effect for want of delivery, and Thomas Noble was allowed a credit of $3000 on notes due his father's estate, on account of expenditures

made by him in improvements upon the farm. Thomas Noble appealed from that decree to this court, and the decree was affirmed in all respects except as to the allowance of the $3000 credit, and the decree was reversed and the cause remanded for further proceedings in accordance with the views there expressed. (See *Noble* v. *Tipton,* 219 Ill. 182.) Upon re-instatement of the cause in the circuit court Thomas Noble asked leave to withdraw from the files the deed in question and for leave to file a supplemental answer, for leave to strike out of the cross-bill all averments in regard to delivery of the deed, and to amend by inserting in his answer and cross-bill, in lieu of such averments, that said deed was a testamentary disposition of said lands by John Noble to him, and asked the court to continue the hearing until said deed could be admitted to probate. The court denied these several motions of Thomas Noble and proceeded to enter a decree in conformity with the previous decision of this court. Thomas Noble again brought the case to this court, assigning error upon the refusal of the court to allow his motions to amend and to continue. The decree was again affirmed, and the opinion of this court on the last appeal is reported as *Noble* v. *Tipton,* 222 Ill. 639.

In neither of the former appeals to this court was the question presented or determined that is involved in this appeal. In the first appeal it was determined that the instrument in question could not be sustained as a deed for want of delivery in the lifetime of John Noble. In the second appeal it was decided that upon the reversal of a decree and remandment of a cause by this court, with directions to proceed in conformity with the views expressed in the opinion, it is the duty of the trial court to be governed by the views expressed in entering its decree, and if the questions involved, or any of them, have been decided upon their merits, that the trial court has no power to permit amendments to the pleadings so as to change the issues involved and make a re-trial necessary of the questions so determined. The

sole question presented for determination in the present case is whether the instrument offered for probate can be sustained as a testamentary disposition.

SKINNER & COE, and C. L. HOSTETTER, for appellant:

The four essentials necessary, under the statute, to admit a will to probate are: The will must be in writing and signed by the testator, or by some one in his presence for him and under his direction; it must be attested by two credible witnesses; two witnesses must prove that they saw the testator sign the will in their presence or that he acknowledged the same to be his act and deed; they must swear they believe the testator to have been of sound mind and memory at the time of acknowledging the same.

The law presumes the witnesses had, when they signed, full knowledge of what they were doing, and in case they are dead, their attestation, when proved, is *prima facie* evidence that all was done as it should be. *Gould v. Theological Seminary,* 189 Ill. 282.

If one witness be dead it is sufficient if the other witness testifies that the testator was of sound mind. *Robinson v. Brewster,* 140 Ill. 649.

Proof that one witness signed by request of the testator, and proof of the handwriting of the other if he be dead, is sufficient to show that the instrument was signed by two witnesses and attested by them. *Hobart v. Hobart,* 154 Ill. 610; *Robinson v. Brewster,* 140 id. 649; *Crowley v. Crowley,* 80 id. 469; *Matter of Page,* 118 id. 576.

The term "will," as used in relation to probate of wills, includes every kind of testamentary act taking effect from the mind of the testator and manifested by an instrument in writing. *In re High,* 2 Doug. 515.

It is not necessary that any particular form of words should be used to make a will. *Frew v. Clarke,* 80 Pa. 170.

Whatever the form of an instrument may be, if it is revocable and limited to take effect after the death of the

maker it is testamentary. *In re Armstrong's Estate,* 2 Pa. Co. Ct. 166.

It is not necessary that the instrument contain any testamentary words. *Appeal of Knox,* 18 Atl. Rep. 1021.

An instrument in the form of a deed, executed with the formalities required by statute in the execution of a will and intended by the grantor to take effect only after his death, being until then retained in his own possession, is a will. *In re Lautenschlager's Estate,* 45 N. W. Rep. 147.

An instrument in writing, to be good as a deed, must pass a present interest in the property attempted to be conveyed, and where it takes effect and becomes operative alone upon the death of the grantor it is testamentary in character. *Miller* v. *Hold,* 68 Mo. 584; *Turner* v. *Scott,* 51 Pa. 126; *Pinkham* v. *Pinkham,* 76 N. W. Rep. 411; *Leaver* v. *Gauss,* 17 id. 522; *Bigley* v. *Souvey,* 8 id. 98; *White* v. *Hopkins,* 4 S. E. Rep. 864.

If a person makes a deed and gives it to a third party to deliver to the grantee named in the deed upon the maker's death, the maker of the instrument has performed a testamentary act. *Bank* v. *Bailey,* 69 N. Y. Sup. 163; *Shurtleff* v. *Francis,* 118 Mass. 154; *Wellborn* v. *Weaver,* 17 Ga. 267.

Evidence as to the acts of the maker of the instrument at the time of its execution and following its execution may be considered to determine whether an instrument is testamentary or a deed. *Hayes* v. *Boylan,* 141 Ill. 400; *Wilenou* v. *Handlon,* 207 id. 104; *Cline* v. *Jones,* 111 id. 563.

If reference is made in a will to a document, and the document is not presented for probate at the time the will is admitted, it may afterward be admitted. *Newton* v. *Seaman's Friend Society,* 39 Am. Rep. 433.

If a will, executed and witnessed as required by the local statute, incorporates into itself, by reference, a deed or indenture, if it was in existence at the time of the execution of the will and is identified by clear and satisfactory evidence

as the paper referred to therein, said paper takes effect as a part of the will and should be admitted to probate as such. 30 Am. & Eng. Ency. of Law, (2d ed.) 578.

An account book may be admitted as part of a will if referred to therein so it can be identified. *Newton* v. *Seaman's Friend Society*, 39 Am. Rep. 433.

A valid bequest may be made by reference to objects and documents not incorporated in or annexed to the will. *Loring* v. *Sumner*, 23 Pick. 98.

RALPH E. EATON, for appellees:

An instrument cannot be both a will and a deed as to the same property.   Schouler on Wills, sec. 270.

Where a deed is executed by one in favor of a person whom he desires to have the property at his death, with directions that the deed be delivered after his death, if the deed is unambiguous in its terms it can never be a will.   Extrinsic evidence is not admissible to show that it was intended to operate as a will.   *Clay* v. *Layton*, 96 N. W. Rep. 458; *Dodson* v. *Dodson*, 105 id. 1110; *Williams* v. *Talbert*, 66 Ga. 127; *Daniel* v. *Veal*, 32 id. 589.

The instrument in question in this case being a warranty deed in form, purporting to convey a present estate, and being clear, certain and unambiguous in its terms, the court had no right to receive or consider extraneous proof to show that the grantor intended it to operate as a will.   *Cameron* v. *Sexton*, 110 Ill. App. 381; *Vestal* v. *Garrett*, 197 Ill. 398; *Osgood* v. *Skinner*, 211 id. 229; *Lomax* v. *Lomax*, 218 id. 629; *Gibbs* v. *Bank*, 198 id. 307; *Taubenhan* v. *Dunz*, 125 id. 524; *Insurance Co.* v. *Bauerle*, 143 id. 459.

In construing a deed, will or other instrument, the intention to be sought for is not that which existed in the mind of the person executing the instrument, but that which is expressed by the language of the instrument.   Evidence of surrounding circumstances or other extrinsic evidence cannot be resorted to if the document is not ambiguous.

*Bingel* v. *Volz,* 142 Ill. 214; *Williams* v. *Williams,* 189 id. 500; *Gee* v. *Gee,* 107 Ill. App. 313.

The rules of construction as to deeds and wills are the same. *Pool* v. *Blackie,* 53 Ill. 495.

Mr. Justice Vickers delivered the opinion of the court:

A will is an instrument by which a person makes a disposition of his property to take effect after his death. (1 Jarman on Wills, 26; Schouler on Wills, p. 1; 1 Redfield on the Law of Wills,—4th ed.—chap. 2, sec. 2, par. 1; *Robinson* v. *Brewster,* 140 Ill. 649.) Under section 2 of our Statute of Wills, to entitle a will to probate four things must concur: First, it must be in writing and signed by the testator, or in his presence by some one under his direction; second, it must be attested by at least two or more credible witnesses; third, two witnesses must prove that they saw the testator sign the will in their presence or that he acknowledged the same to be his act and deed; fourth, the witnesses must swear that the testator was of sound mind and memory at the time of signing or acknowledging the will. Proof of the foregoing facts, in the absence of any proof of fraud, compulsion or other improper conduct, will make a *prima facie* case entitling the will to probate. (*Dickie* v. *Carter,* 42 Ill. 376; *Crowley* v. *Crowley,* 80 id. 469; *Thompson* v. *Owen,* 174 id. 229; *Canatsey* v. *Canatsey,* 130 id. 397; *Harrison* v. *Weatherby,* 180 id. 418.) There is no prescribed form for a will, either under our statute or by the common law. If the intention of the maker to dispose of his estate after death is sufficiently manifested, and this intention be lawful in itself and the instrument be executed in conformity to the statute, it will operate as a will regardless of its form. (Jarman on Wills, 34; 1 Redfield on Wills,—4th ed.—chap. 6, div. 7-9; *Robinson* v. *Brewster,* 140 Ill. 649.) In the *Brewster case* the following instrument was held a valid will:

*"Know all men by these presents,* that I, Joseph Robinson, for the consideration of one dollar to me in hand paid, as well as my affection, do hereby assign and set over to my daughter, Eliza Jane Brewster, all of my property, both personal and real, to have the same after my death.

"Witness my hand and seal this seventh day of May, 1877.

JOSEPH $\overset{\text{his}}{\text{X}}$ ROBINSON. (Seal.)

"Attest:  J. S. Post, E. McClellan."          mark

In a note to section 266 of Schouler on Wills a large number of cases, both English and American, are collected, showing where various kinds of instruments, such as notes, bonds, deeds of indenture and deeds poll, and other writings, have been held valid as wills.

After an exhaustive examination of all the authorities accessible to us, we think the rule may be laid down that any writing, however informal it may be, made with the expressed intent of giving a posthumous destination to the. maker's property, if executed in accordance with the statutory requirements, will be a good testamentary disposition. We have not been able to find a case in this State where a testamentary disposition in the form of an ordinary deed of bargain and sale has been sustained, although a number of cases are to be found where such instruments have been declared testamentary in character and void because not executed in compliance with section 2 of our Statute of Wills. Where such deeds have been actually delivered to the grantee in the lifetime of the grantor they have been sustained as a present grant of a future interest.  Thus, in *Shackelton* v. *Sebree*, 86 Ill. 616, a deed containing the words, "this deed not to take effect until after my decease—not to be recorded until after my decease," which had been delivered to the grantee in the lifetime of the grantor, was held to pass a vested remainder in fee to the grantee.  Livery of seizin having been abolished by our statute, no intermediate life estate is necessary to support a remainder.  In *Harshbarger* v. *Carroll*, 163 Ill. 636, the words in the deed were:

"This indenture, made this seventeenth day of March, in the year of our Lord eighteen hundred seventy-one, between Samuel Harshbarger, Sr., party of the first part, and Sylvia Harshbarger and her heirs, (only to take effect at the death of the grantor,") etc. It was held that such a deed, duly executed and delivered in the lifetime of the grantor, vested a remainder in the grantee. *Bowler* v. *Bowler,* 176 Ill. 541, is another case of the same class. There the words of the deed were: "Not to be of any force and effect until after the death of the grantor." The deed was upheld as a good conveyance *in presenti* of a future estate in fee. Other cases of the same class no doubt might be found, but these are sufficient to illustrate the rule established by them. In all of these cases it is to be noted that there was an actual delivery of the deed to the grantee in the lifetime of the grantor. Had there been no delivery the instruments could not have been upheld as deeds, and whether they could have been supported as testamentary dispositions would have depended upon whether the statutory requirements relating to the attestation of wills had been complied with.

In *Olney* v. *Howe,* 89 Ill. 556, speaking of an assignment of a promissory note, made by a separate instrument, and other personal property, containing the clause, "possession of the same to be given to and taken by the party of the second part immediately upon the decease of the party of the first part," this court, speaking by Mr. Justice Baker, said (p. 559) : "The writing is essentially testamentary in its nature, and, omitting for the present the element of contract, its object was to make disposition of property after the death of the owner. It did not, after such death, take effect as a testamentary devise, for it was not executed and witnessed as required by the Statute of Wills."

*Cline* v. *Jones,* 111 Ill. 563, (a case much relied on by appellant in the case at bar,) is a case where a father executed a deed to one of his children but did not deliver it. The evidence showed that the grantor retained control of

the deed and did not intend it to take effect until after his death. In disposing of that case this court said (p. 569) : "The deed, by its purport, was absolute, conveying the grantor's entire interest, to operate immediately. But the evidence shows the deed was not intended to be absolute but to be qualified in its effect,—that it was not intended to convey the grantor's whole interest, but that he meant to have a life estate unless the grantee should move upon the land, which she never did; that the deed was not intended to operate presently, but only upon the grantor's death or going upon the land to reside. The evidence shows the distinct intention not to create a present estate in the grantee. As, then, there was never any actual delivery of the deed but the grantor ever kept it in his own possession, and as it never was his intention that the deed should presently take effect and become operative according to its terms, there was no delivery of the instrument as the deed of the grantor and it was not valid as a deed. As Mrs. Jones never moved on the land this made the deed one to take effect at the grantor's death, which was a disposition of property of a testamentary character, and invalid because not in compliance with the Statute of Wills."

Many other cases are to be found where this court has held deeds and other instruments disposing of property at the death of the maker invalid because they were testamentary in character and not executed in strict conformity with the statutory enactments regulating the making of wills. (See *Bovee* v. *Hinde,* 135 Ill. 137; *Hayes* v. *Boylan,* 141 id. 400; *Oliver* v. *Oliver,* 149 id. 542; *Wilson* v. *Wilson,* 158 id. 567; *Rountree* v. *Smith,* 152 id. 493; *Hollenbeck* v. *Hollenbeck,* 185 id. 101; *Wilenou* v. *Handlon,* 207 id. 104; *Oswald* v. *Caldwell,* 225 id. 224.) In many of these cases, and perhaps others of the same class, the instrument under consideration has been freely spoken of by this court as testamentary in its character and therefore invalid because not executed in accordance with the Statute of Wills,

but none of these cases can be regarded as an authority holding that the instruments under consideration would or would not be sustained as valid testamentary dispositions if such instruments had been properly executed under the Statute of Wills. The case in hand is therefore, so far as we are advised, the first one to come before this court involving the validity of an ordinary deed of bargain and sale as a testamentary disposition.

Upon the general proposition that a valid will may be made in the form of an ordinary deed of bargain and sale we entertain not the slightest doubt, where the formalities of the statute are properly observed and it clearly appears on the face of the instrument that it is not to take effect until the death of the maker. The inherent difficulty with the instrument involved in this case is, that there is nothing in the writing itself which imparts to it a testamentary character. To give it this character a resort must be had to extrinsic facts depending on parol evidence. The admissibility of such evidence for the purpose of establishing the *animo testandi,* when offered for the purpose of supporting the writing as a testamentary disposition, is, in our opinion, the most serious question involved in this case. It is a well established rule that parol evidence is inadmissible to add to, alter, vary or contradict the terms of a valid written contract or other instrument of a solemn and conclusive nature. (Elliott on Evidence, sec. 568; *Rigdon* v. *Conley,* 141 Ill. 565.) The rules for the admission and exclusion of parol evidence in regard to wills are essentially the same which prevail in regard to contracts generally. Such evidence is not receivable to show the intention of the testator except to enable the court, where the question arises, to give the language such an interpretation as, from the circumstances in which he was placed, it is reasonable to presume the testator intended it should receive, or, as it is sometimes expressed, to put the court in the testator's place. (1 Redfield on Wills,—4th ed.—p. 496.) Under the lax rules that for-

merly prevailed in England, especially in the ecclesiastical courts, where wills of personal property were probated, cases may be found where a resort to extrinsic parol evidence was allowed for the purpose of establishing testamentary intent, where there was no ambiguity on the face of the instrument and the instrument afforded no evidence that it was only to take effect upon the death of the maker; and there are some decisions in this country to be found in the earlier reports where instruments in the form of a deed of gift have been admitted to probate out of regard to the giver's testamentary purpose, which was disclosed by extrinsic parol evidence. Some of these cases may be found collected in the note above cited from Schouler on Wills. This question is very ably discussed by Chancellor Kent in *Mann* v. *Mann*, 1 Johns. Ch. 231, where the earlier cases are carefully reviewed and the rule of law deduced, as follows: "It is a well settled rule that seems not to stand in need of much proof or illustration, for it runs through all of the books from *Chaney's case*, 5 Co. Rep. 68, down to this day, that parol evidence cannot be admitted to supply or contradict, enlarge or vary, the words of a will or to explain the intention of the testator, except in two specified cases: First, where there is a latent ambiguity arising *dehors* the will as to the person and subject matter meant to be described; and second, to rebut a resulting trust. All of the cases profess to go upon one or the other of these grounds." (See 1 Redfield on Wills,—4th. ed.—p. 501.)

In *Clay* v. *Layton,* 134 Mich. 317, the question arose as to the admissibility of parol evidence to show the testamentary intention in the making of a deed which was unambiguous on its face. That court, in a well considered and exhaustive opinion, held that such evidence was not admissible, and expressed its conclusion as follows: "We have had difficulty in finding a case in which the exact point before us is raised, but it seems manifest that the same rule that forbids the contradiction of an established will should

forbid the contradiction of the same instrument as a means of establishing it as a will, when its terms plainly show it to be a deed conveying a present interest. It is only when the writing is of doubtful import that interpretation by the aid of extrinsic evidence becomes necessary, and in such case interpretation—not contradiction—is permissible. We are reluctantly driven to the conclusion that we cannot give effect to the deceased's manifest desire,—a desire so well established and so apparently well grounded and just as to merit our approbation; but we fear that the trite saying that 'hard cases make bad law' would be applicable should we sustain the complainant's contention. To do so would be to override established rules and principles essential to the protection of the rights of heirs."

There are very strong reasons why this rule should be applied in this State. Our statute requires wills to be in writing. If an unambiguous deed, which on its face purports to convey a present interest, can be converted into a will by proving an *animo testandi* in the maker by parol evidence, the effect is not only to change the legal character of the instrument, but to engraft upon it one of the essentials of a will by parol, in the face of our statute which requires all wills to be in writing.

This case is clearly distinguishable from *Cline* v. *Jones, supra,* and other cases in line with it, including the case between these parties decided in 219 Ill., where the question at issue was whether a deed had been delivered. Delivery is largely a question of intention and may be shown by any competent evidence. Evidence on that point does not contradict or vary the terms of the instrument, but bears on the question whether the instrument, in fact, ever had a legal existence. It would be a strange result if the same evidence which destroyed the instrument as a deed should bring it to life as a will.

Our conclusion is that it would be an unsafe rule to hold that an undelivered deed, which by chance happened to be

attested by two witnesses, could be converted into a will by parol evidence.

The decree of ·the circuit court of Carroll county is affirmed.

*Decree affirmed.*

CARTWRIGHT and CARTER, JJ., dissenting:

We do not regard the facts of this case as sufficient to justify defeating the intention of John Noble, nor the reasoning of the foregoing opinion as justifying the conclusion reached.   In a great many cases this court has held that if a deed is not delivered to the grantee in the lifetime of ' the grantor but is intended to take effect only upon the death of the grantor it is testamentary in character and in-valid as a deed.   For the purpose of showing the intention of the grantor parol evidence is admissible, and if by such evidence. it is shown that the deed was not intended to operate presently but only upon the grantor's death, it is uniformly declared to be a testamentary disposition of the property and not˙ operative unless executed in conformity with the Statute of Wills.  *Oswald* v. *Caldwell,* 225 Ill. 224, and cases there cited.

The evidence shows that the instrument in question in this case was deposited with the will of John Noble, in the same envelope, in a bank, and the endorsement made upon the envelope by his direction manifested his intention that the instrument was not to be effective and not to be delivered until his death.   In the suit for the purpose of setting aside the instrument as a deed it was claimed to be a testamentary disposition of the property and invalid as a deed for want of delivery.   It was competent in that suit to prove the intention of John Noble for the purpose of showing that the intended disposition of the farm was testamentary in character and ambulatory until his death, and we do not see how it can be now held that the same evidence is not admissible or competent to prove the same fact.   We

do not see how it can consistently be said that the instrument amounts to a testamentary disposition of the property described in it and yet that it is not a testament, although it was executed with all the formalities required in the case of a will. If the effect of the evidence by which the instrument was invalidated as a deed had been to vary or contradict the plainly expressed terms of the instrument it would have been incompetent. But that was not the effect in the other suit nor in this one. The delivery of a deed is an essential part of its complete execution, but it is not shown on the face of a deed or by its terms. The delivery or non-delivery of a deed is almost wholly a matter of intention. A delivery may be by acts without words or words without acts, the only requirement being that the evidence shall show an intention of the grantor that the deed shall become operative and effectual, (*Gunnell* v. *Cockerill*, 79 Ill. 79,) and the acceptance of a deed for the benefit of the grantee, such as this one, will be presumed. *Haenni* v. *Bleisch*, 146 Ill. 262.

Proof of delivery or non-delivery of an instrument does not in any manner add to its terms, and if it is admissible to show an intention that the instrument shall only become operative upon the death of the grantor, and is therefore of a testamentary character, we see no logical ground upon which it can be said that it is not competent to establish the instrument as a will, provided it is executed in conformity with the Statute of Wills. The fact that no instrument in the form of a deed has ever been held by this court to be a will is of no more consequence than the fact that no instrument in the form of a deed has ever been declared by this court not to be a will. No weight is to be given to either.

The four requirements of the Statute of Wills which are mentioned in the foregoing opinion and which entitle an instrument to probate as a will were all fully complied with in this case, and the evidence shows that the deed was

deposited with the will, to be delivered after the death of the maker and to take effect at that time. References to the instrument as a deed of bargain and sale, and the conclusion that it would be an unsafe rule to hold that such a deed which by chance happened to be attested by two witnesses could be converted into a will by parol evidence, are inappropriate in this case. The instrument is not a deed of bargain and sale and expresses no valuable consideration whatever. The form of a statutory conveyance was used in part, but it did not follow that form by expressing a consideration paid, and the only consideration expressed or in fact existing was "natural love and affection" for the son. The uncontradicted evidence is that John Noble was advised by his attorney that a delivery would be essential to make the instrument effective as a deed but that he could make a deed, and if it was properly witnessed and failed as a deed it might be good as a testamentary disposition of the farm and would operate as a will. The witnessing was not by chance or accident, but was at the request of the maker of the instrument.

There was further evidence which, in our opinion, was entirely competent and sufficient to meet all the requirements of the law and fix the character of the instrument as a will. In disposing of his property by the instrument which is in form a will the testator referred to the property described in the deed as being a part of his estate at his death and declared his intention that it should go to Thomas Noble by virtue of this instrument. After disposing of other property, not including the home farm described in the deed, he devised the remainder, expressly excepting from the operation of the residuary clause the home farm, containing 503½ acres, with the statement that it had been deeded to his son Thomas Noble. He was not only presumed to know the law regarding the necessity of a delivery to make the instrument operative as a deed, but was also advised by his attorney as to the law, and the will shows

230—39

that he regarded the home farm as a part of his estate, which would pass by the·residuary clause unless excepted therefrom. The two instruments were deposited together, and as the will referred to the deed, they are to be construed together. When so construed there can be no doubt, as we think, that the instrument was intended to operate as a will. Not only is the plain intention of John Noble defeated by the decision in this case, but the absurd result is reached that in making his will he designed to die intestate as to the home farm, and that it is, in fact, intestate property. As we understand it, such an intention and such a consequence will always be avoided where it is possible, and we see no good reason either for defeating the intention of the maker of the instrument or holding the property to be intestate estate.