*Judgment reversed.*

---

(No. 13574.—Judgment affirmed.)

ED. C. GROTTS, Appellant, *vs.* FLOYD CASBURN, Appellee.

*Opinion filed December 21, 1920.*

1. WILLS—*instrument for sole purpose of revoking will is valid if properly attested.* An instrument executed for the sole purpose of revoking a will and re-affirming a former one should be sustained and the former will given effect if the revoking instrument is attested by two witnesses, as required by the statute governing wills, and there is no question as to the intention of the testator to re-adopt the provisions of the former will; and it is not material that the testator does not call the instrument a will.

2. SAME—*when proof of codicil establishes the will.* Proof of a codicil which refers to a will so as to preclude all doubt of its identity establishes the will without further proof.

APPEAL from the Circuit Court of Hancock county; the Hon. HARRY M. WAGGONER, Judge, presiding.

CLYDE P. JOHNSON, and O'HARRAS, WOOD & WALKER, for appellant.

SCOFIELD & CALIFF, and HARTZELL, CAVANAGH & MARTIN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

In 1919 the county court of Hancock county admitted to probate certain documents as the last will and testament of William T. Terry, deceased. An appeal was taken by appellant, Ed. C. Grotts, to the circuit court of that county, and after a hearing the same documents were again ordered probated. From this last order this appeal was taken.

William T. Terry was a resident of Hancock county and was a widower without living children. It appears that on October 5, 1914, he executed a last will and testament, by which he disposed of a small amount of personal property to a grandchild of his wife and provided for a monument, and then devised the balance of his property, including some real estate, to a trustee, in trust for the benefit and relief of poor persons in Rock Creek township, in said county. On March 12, 1918, he made another will, giving all his property to Clarence E. Grotts, also known as Ed. C. Grotts, appellant herein. Grotts appears to have been an old friend and was a tenant on some of Terry's property. On May 31, 1918, Terry executed the following instrument:

"*To whom it may concern:* This is to certify that I hereby revoke the will made last winter favor of Ed. Grotts and desire that the will made and dated October 5, 1914, be my last will.

WILLIAM T. TERRY (Seal.)

"Signed, sealed in our presence and in the presence of each other as witnesses to revoke the will made last winter in favor of Ed. Grotts.

B. KELLY, M. D.   (Seal.)
W. E. THOMPSON (Seal.)"

This last instrument, considered together with the instrument dated October 5, 1914, was held by both the circuit and county courts to be the last will and testament of the deceased and the will of March 12, 1918, was refused probate.

Practically the sole question for decision here is whether the instrument of May 31, 1918, is in such terms and form as, taken in connection with the document of October 5,

1914, should be considered and held to be of a testamentary character. The argument of counsel for appellant is that there is nothing in the instrument of May 31, 1918, considered by itself, that is of a testamentary character, and that therefore the *animus testandi* is lacking, and the instrument cannot have the effect of revoking the will of March 12, 1918, and cannot be probated as a codicil to the will of October 5, 1914. This court has said in *Noble* v. *Fickes*, 230 Ill. 594, on page 600: "There is no prescribed form for a will, either under our statute or by the common law. If the intention of the maker to dispose of his estate after death is sufficiently manifested, and this intention be lawful in itself and the instrument be executed in conformity to the statute, it will operate as a will regardless of its form,"—citing authorities. "The courts entertain liberal views as to the form and contents of codicils, and hold that an instrument executed with a testamentary purpose and the requisite formalities may operate as a codicil although it is partly or wholly in the form of a letter, power of attorney or deed or although its only provision is one naming an executor." (20 Cyc. 1096, and cases cited.) An instrument which is made solely for the purpose of revoking a previously executed will has been held valid. (Page on Wills, sec. 265.) To the same effect is Underhill on Wills, sec. 260; 1 Woerner's Am. Law of Administration, (2d ed.) sec. 50; Thompson on Wills, sec. 32; *In re Succession of Seymour,* 48 La. Ann. 993; *Bayley* v. *Bayley,* 59 Mass. 245; *Stewart* v. *Stewart,* 177 Mass. 493.

Counsel for appellant insist that some of the authorities cited in some of these texts (particularly Woerner's American Law of Administration) as holding that a codicil may be made for the sole purpose of revoking a former will are not borne out by the text in Redfield on Wills cited and relied on by Woerner. There are numerous editions of Redfield on Wills. We have before us 1 Redfield on Wills, 1876, (4th ed.) which on page 472 bears out the doctrine

stated in Woerner. We have examined the authorities cited in the text books heretofore mentioned, and think they clearly sustain the rule that an instrument executed for the sole purpose of revoking a former will should be sustained if the later document is attested as required by the statute governing the revocation of wills.

There can be no question that it was the plain intent of the testator by the document of May 31, 1918, to revoke the will of March 12, 1918, and to re-adopt the provisions of the will of October 5, 1914. If this document of May 31, 1918, was executed in accordance with the requirements of our statute on the making and revocation of wills, then, without question, such document and the instrument of October 5, 1914, were rightly probated as the last will and testament of the deceased. By referring to the former will, made October 5, 1914, and stating his desire that it be his last will, the instrument of May 31, 1918, under the law laid down in *Keeler* v. *Merchants Loan and Trust Co.* 253 Ill. 528, became clearly of a testamentary character. Proof of a codicil which refers to a will so as to preclude all doubt of its identity establishes the will without further proof. (*Fry* v. *Morrison,* 159 Ill. 244.) It is not material that the deceased did not call the instrument of May 31, 1918, a will. The testimony of the subscribing witnesses to that document showed, without question, that he intended by that document to direct the disposition of his property after his death and that he intended to revoke the will of March 12, 1918, and re-establish the will of October 5, 1914.

We do not agree with the argument of counsel for appellant that the reasoning of this court in *Dowling* v. *Gilliland,* 286 Ill. 530, does not bear out the above conclusion. On the contrary, we think the reasoning in that case is in full accord with the finding of the county and circuit courts in this case. While the precise question in this case has never been passed upon by this court, we find nothing

295—19

in any of the authorities cited by appellant from this or other jurisdictions that is in conflict with this conclusion. On the contrary, we think, in reason and by the great weight of authority, the holding of the county and circuit courts should be upheld.

Counsel for appellant also argue that the instrument of May 31, 1918, is not testamentary in character because the wording shows that it was intended to take effect at once and not to await the testator's death. The intention of the testator that it should take effect at his death is plainly manifest from reading the two instruments of May 31, 1918, and October 5, 1914, together. If the argument of counsel for appellant were sound that the wording of these instruments shows they were intended to be operative at once and therefore are not wills, the same argument might be made as to most wills. It is a most common practice in a will to insert the phrase, "hereby revoking all former wills by me made," or, "I give, devise and bequeath." Such phrases, while framed in the present tense, are construed to mean that the testator intended them to become operative at his death or at some specified time thereafter.

Appellee, Floyd Casburn, was named as executor under the will of October 5, 1914. Some point seems to be made as to the competency of his testimony offered on this hearing in the circuit court. Even if he was not a competent witness in the circuit court as to the execution of the instrument of May 31, 1918, we cannot see how his testimony in any way affected the judgment entered. There was no attempt to contradict the testimony of the two subscribing witnesses to the document of May 31, 1918, as to the due execution of said instrument.

We find no error in the record, and the judgment of the circuit court will be affirmed.     *Judgment affirmed.*