(No. 20293.—

FREDERICK C. AUSTIN, Plaintiff in Error, *vs.* THE FIRST
TRUST AND SAVINGS BANK, Defendant in Error.

*Opinion filed February 18, 1931—Rehearing denied April 16, 1931.*

BROWN, FOX & BLUMBERG, (CHARLES LEROY BROWN, of counsel,) for plaintiff in error.

PACKARD, BARNES, McCAUGHEY & SCHUMACHER, (GEORGE PACKARD, and CECIL BARNES, of counsel,) for defendant in error.

Mr. Justice Heard delivered the opinion of the court:

This cause is here on *certiorari* to review a judgment of the Appellate Court for the First District affirming a judgment of the circuit court of Cook county denying probate of two instruments of writing claimed by plaintiff in error to be codicils to the last will and testament of Anna B. Austin, deceased.

On March 18, 1907, Anna B. Austin executed a will and testament in which she devised and bequeathed all of her property to her husband, Frederick C. Austin, plaintiff in error. On January 2, 1914, she signed an instrument purporting to be a codicil to her last will and testament, giving and bequeathing to the First Trust and Savings Bank of Chicago, as trustee, a certain pearl necklace of the value of $60,000, with power and authority to sell it and invest the proceeds, the income to go to her husband during his lifetime and upon his death the principal fund to be distributed among her grandchildren then living. Other purported codicils were signed by Mrs. Austin in 1917 and 1919, but they are not involved in any of the questions arising in this case. On June 29, 1922, at Hamburg, Germany, she executed two instruments in writing, as follows:

*"Forth and Powell, New York City:*
"Please deliver to my husband, F. C. Austin, or upon his order all my jewelry and property left with you, or the proceeds thereof, as his own and to do with as he elects.    Anna B. Austin.

Witnessed:
   Frances M. Watson,
   Maria Thelen."

*"Mr. Moses L. Purvin, or whom it may concern:*
"Please deliver to my husband, F. C. Austin, all money, securities, jewelry, property and personal belongings as his own and to do with as he sees fit. The only, will I have made is the one I handed you several years ago for safekeeping, in which I willed all to my husband.    Anna B. Austin.

Witnessed:
   Frances M. Watson,
   Maria C. Thelen."

June 30, 1922, Anna B. Austin died in Hamburg. On October 23, 1922, the instrument dated March 18, 1907, with the purported codicils of January 2, 1914, and 1917 and 1919 attached thereto, was filed in the probate court of Cook county with an application of Austin for the admission to probate of the "last will and testament" of Anna B. Austin, deceased. A hearing was had on this application, and while letters testamentary were issued to Austin on December 14, 1922, no order was entered of record in the probate court admitting either will or codicil to probate until after September 2, 1927, at which time Austin filed in the probate court of Cook county a petition setting up, among other things, the proceedings theretofore had in the premises, alleging that the execution of the purported codicils had been proved by only one witness; that the required statutory proof of proper execution and attestation of the purported codicil of January 2, 1914, was not made; that no order probating the will or codicil had theretofore been entered, offering the instruments executed in Hamburg on June 29, 1922, for probate as codicils, and praying that the clerk of the court be directed to enter of record a formal and proper order admitting to probate the last will and testament of Mrs. Austin bearing date of March 18, 1907, and to cancel the recording of the instrument dated January 2, 1914; that if the evidence be deemed sufficient to establish that it was admitted to probate on December 14, 1922, an order be entered vacating and setting aside so much of the proceedings of December 14, 1922, as admitted to probate said purported codicil; that the court admit to probate as codicils to the last will and testament of Mrs. Austin the two instruments dated June 29, 1922, and that all necessary and proper orders be entered by which the last will and testament of Mrs. Austin, and all valid and unrevoked codicils thereto, be identified, proved, recorded and established. On April 13, 1928, the probate court entered an order, after a hearing upon the petition,

refusing probate of the two instruments of June 29, 1922, finding that the will and the codicils attached thereto were executed and attested according to law, and ordering that the clerk spread at large upon the records of the court, *nunc pro tunc* as of December 14, 1922, an order and judgment admitting them to probate and denying the petition to vacate and set aside the probate of the codicil dated January 2, 1914. Plaintiff in error appealed to the circuit court of Cook county from so much of the order of the county court as denied probate of the instruments of June 29, 1922, and directed the clerk to spread of record *nunc pro tunc* that part of the order which related to the admission to record and probate of the codicil dated January 2, 1914. April 15, 1929, after a hearing, the circuit court entered a judgment order denying the several prayers of plaintiff in error's petition and ordering the same dismissed. From this order plaintiff in error appealed to the Appellate Court for the First District with the result before stated.

After Mrs. Austin's death the string of pearls came into the possession of plaintiff in error. On January 9, 1924, the First Trust and Savings Bank filed in the probate court its petition for a citation to compel plaintiff in error to inventory the string of pearls and to turn them over to petitioner as trustee. On June 24, 1924, the bank filed a supplemental petition for a citation to compel Austin to inventory the string of pearls held by him under his claim that they were his, individually, by virtue of a gift *causa mortis*. On January 14, 1925, the probate court ordered the petition dismissed, and on March 4, 1926, on appeal, the circuit court entered a like order, which order, on appeal to the Appellate Court for the First District, was reversed, and the opinion reversing the same is found in *First Trust and Savings Bank* v. *Austin,* 243 Ill. App. 386.

During this branch of the litigation the instruments of June 29, 1922, were claimed by Austin to be evidence establishing his claim of a gift *causa mortis*. It is claimed

by defendant in error that whenever the law supplies to a party two or more methods of redress in a given case, based upon inconsistent theories, however those methods may differ either in form, or form of procedure or in the personality of the parties to the several proceedings, the party is put to his election, and his choice of either is a bar to his resort to the other, and the plaintiff in error having elected to attempt to establish a gift *causa mortis* in the citation proceeding by reason of the instruments of June 29, 1922, by such election he is estopped and barred from now having them probated as codicils to the will. Plaintiff in error did not institute the citation proceedings and thereby select a remedy. He defended against the proceedings. While he claimed the pearls were a gift to him *causa mortis* he did not elect a remedy, and in that proceeding claimed that he still had a right to offer the instruments of June 29, 1922, for probate. Defendant in error in its answer to the petition for *certiorari* in that case said: "There is nothing to prevent F. C. Austin from presenting these documents for probate if his contention is sincere, thereby admitting the necklace should be inventoried, as is the order of the Appellate Court."

The rule of law contended for by defendant in error does not apply to the facts of this case. Plaintiff in error did not have the choice of two remedies. In fact he did not have two remedies. The fact that he may have mistakenly believed that he had a remedy in the citation proceedings and could establish a gift *causa mortis* does not constitute such an election of remedies as would bar him in the present suit from claiming that the instruments of June 29, 1922, were codicils to the will. Even the institution of a suit will not be held such a decisive act as to constitute a waiver of rights which would be inconsistent with the maintenance of such suit if the court in which the first action is brought has no jurisdiction to try the cause, if the cause of action is prematurely brought and is defeated

for that reason, if the suitor has in his first action mistaken his remedies and is defeated on that ground, or if an action is commenced in ignorance of material facts which proffer an alternative remedy, the knowledge of which is essential to an intelligent choice of procedure. (*Chicago Terminal Railroad Co.* v. *Winslow,* 216 Ill. 166; *Garrett* v. *Farwell Co.* 199 id. 436.) In *Kelly* v. *Curtis,* 206 Mich. 107, 172 N. W. 541, it was held that a party claiming title under an instrument is not estopped, on the doctrine of election of remedies, from propounding the instrument as a will by the fact that he had ineffectually claimed that it was a deed when defending an action in ejectment, such doctrine not applying to a case of mistaken remedy. In *Merrill* v. *Boal,* 47 R. I. 274, 132 Atl. 721, it was held that petitioners, seeking for the first time to have a trust instrument probated as part of a will, are not estopped from urging that such instrument is in part a testamentary document, by reason of an unsuccessful, inconsistent claim made in other litigation. Plaintiff in error is not now estopped from presenting the instruments of June 29, 1922, for probate as codicils to the will of Mrs. Austin by not filing them with the will in 1922, or by reason of his mistaken use of them in his attempt to establish a gift *causa mortis,* and his mistake as to the effect of such instruments will be treated as analogous to, if not identical with, a mistake of fact. (*Moore* v. *Shook,* 276 Ill. 47; *Dinwiddie* v. *Self,* 145 id. 290.) There is no law of this State limiting the time for the filing for probate of a codicil to a will, and plaintiff in error's petition therefor contained all the requirements of law. *Crooker* v. *McArdle,* 332 Ill. 27; *Conzet* v. *Hibben,* 272 id. 508.

The vital question in this case is whether the instruments of June 29, 1922, are codicils to Mrs. Austin's will, as contended by plaintiff in error, or are, as contended by defendant in error, mere delivery orders. A will is an instrument by which a person makes a disposition of

his property to take effect after his death. (*Robinson* v. *Brewster,* 140 Ill. 649.) Under section 2 of our statute on wills, to entitle a will to probate four things must concur: First, it must be in writing and signed by the testator or in his presence by someone under his direction; second, it must be attested by at least two or more credible witnesses; third, two witnesses must prove that they saw the testator sign the will in their presence or that he acknowledged the same to be his act and deed; fourth, the witnesses must swear that the testator was of sound mind and memory at the time of signing or acknowledging the will. Proof of the foregoing facts, in the absence of any proof of fraud, compulsion or other improper conduct, will make a *prima facie* case entitling the will to probate. (*Noble* v. *Fickes,* 230 Ill. 594.) Courts entertain liberal views as to the form and contents of codicils and hold that an instrument executed with a testamentary purpose and requisite formalities may operate as a codicil although it is partly or wholly in the form of a letter, power of attorney, deed or any other instrument of writing, and the authorities sustain the rule that an instrument executed for the sole purpose of revoking a former will should be sustained if the later document is attested as required by the statute governing the revocation of wills. (*Grotts* v. *Casburn,* 295 Ill. 286.) The rule may be laid down that any writing, however informal it may be, made with the express intent of giving a posthumous destination to the maker's property, if executed in accordance with the statutory requirements, will be a good testamentary disposition. (*Noble* v. *Fickes, supra.*) In *Merrill* v. *Boal, supra,* it was held that a person may act *animo testandi* without knowing that he is making a will, and it is immaterial what kind of an instrument he thinks he is making if only he manifests a clear intent to dispose of his property after his decease and observes the statutory formalities. The *animus testandi* does not depend upon the maker's realization that the instrument

he is executing is a will but upon his intention to create a revocable disposition of his property to take effect after his death. (*Heaston* v. *Krief,* 167 Ind. 112; 77 N. E. 805.) Williams on Executors, (11th Eng. ed.) at page 79, contains the following: "It should be further observed that it is not necessary for the validity of a testamentary instrument that the testator should intend to perform, or be aware that he had performed, a testamentary act, for it is undoubted law that, whatever may be the form of a duly executed instrument and notwithstanding that it may be in the form of a settlement or deed of gift or a bond, if the person executing it intends that it shall not take effect until after his death, and it is dependent on his death for its vigor and effect, it is testamentary." See, also, *Turner* v. *Scott,* 51 Pa. 126, *McBride* v. *McBride,* 26 Gratt. (67 Va.) 476, and *In re Bybee's Estate,* 179 Iowa, 1089, 160 N. W. 900. The question therefore arises whether the intention of Mrs. Austin to dispose of her estate after death is sufficiently manifested by the instruments in question, they having been executed in strict conformity with the statute.

While it is a well established rule that parol evidence is inadmissible to add to, alter, vary or contradict the terms of a valid written instrument of a solemn and conclusive nature, (*Rigdon* v. *Conley,* 141 Ill. 565,) and that the meaning and intention of the party executing the instrument must be determined from the language used in the instrument, yet it is always competent to show by extrinsic evidence the circumstances surrounding the maker of the instrument at the time it was made, so that the court may place itself in the position of the maker and glean from the language used in the instrument the intention of the maker in using such language. *Johnson* v. *Askey,* 190 Ill. 58; *Taubenhan* v. *Dunz,* 125 id. 524; *Cunningham* v. *Hallyburton,* 342 id. 442.

Defendant in error contends that much of the evidence introduced by plaintiff in error for the purpose of showing

the attendant circumstances was incompetent. This is true, but there was sufficient competent evidence in the case to enable the court to read the language used in the instruments in the light of the circumstances surrounding their execution. The instrument directed to Forth and Powell was known as exhibit 15, and for the purposes of this case it is not necessary to give it further consideration. The other instrument was known as exhibit 16. This is not a mere delivery order. It is not only directed to Purvin but to any person to whom it may concern. By it Mrs. Austin attempted to dispose of all her money, securities, jewelry, property and personal belongings to her husband. At the time she executed this instrument she was on her death-bed and knew that death was closely impending. She knew that the pearls were in New York City and that plaintiff in error was in Hamburg. She knew that he intended staying with her until her decease. She knew that her directions contained in exhibit 16 could not be carried out in her lifetime. It is evident that the disposition which she was attempting to make of her property was posthumous. That she had in mind a testamentary disposition of her property is evidenced by the statement that the only will which she had made was the one handed to Purvin several years ago for safekeeping in which she willed all to her husband. The will of 1907 was the only will which she had ever handed him and was the only one in which she had willed all to her husband. By this language she re-published the will of 1907 and revoked any codicil inconsistent therewith. (*Lasier* v. *Wright,* 304 Ill. 130.) Another evidence of testamentary character of exhibit 16 is the fact that Mrs. Austin requested that it be witnessed by the number of witnesses required by law for a will. When exhibit 16 is read in the light of the attendant circumstances it must be held that it disposed of property after the maker's death and expressed directions, modifications, changes or additions with respect to prior wills, and that

therefore it was entitled to admission to probate as a codicil to the will of 1907. *Grotts* v. *Casburn, supra.*

The judgments of the Appellate Court and the circuit court are reversed and the cause is remanded to the circuit court of Cook county, with directions to enter an order admitting exhibit No. 16 to probate as a codicil to the last will and testament of Anna B. Austin, deceased.

*Reversed and remanded, with directions.*