In the Matter of the Estate of Helen Matilda Machay, Deceased.
Albert H. Krusemark, Petitioner-Appellant, v. Olga Papesh, et al., Heirs at Law of Helen Matilda Machay, Petitioners-Appellees.

Gen. No. 11,807.

Second District, Second Division.

December 26, 1963.

Louis R. Bertani and Perry Rudman, of Joliet, for appellant.

Seibert and Daniels, of Chicago (J. Edgar Daniels, of counsel), and Harry DeBruyn, of Evergreen Park, for appellees.

SPIVEY, J.

Albert Krusemark, Public Administrator of the County of Will appeals from an order of the Probate Court of Will County, which order denied Krusemark's petition to probate a document purporting to be the last will and testament of Helen Matilda Machay, deceased. The cause was taken directly to the Supreme Court on the contention that a freehold was involved. The Supreme Court found that the cause had been

wrongfully appealed to that court and ordered that it be transferred to this court.

Helen Matilda Machay desired to purchase a monument for her deceased husband and for this purpose went to a person in the business of selling monuments. She was accompanied by her nephew Anthony R. Machay. A monument was selected and Mrs. Machay signed a contract for its purchase. This was on a form contract which the merchant produced. Thereafter there was a conversation in which Mrs. Machay was said to have expressed the desire to make a will. Anthony, then wrote on the contract for the purchase of the monument "Anthony, my nephew, shall take care of my grave and all of my possessions after my death." Mrs. Machay is then said to have acknowledged that this was her will. The merchant and his wife then signed the contract as witnesses, but there was no attestation clause.

It is agreed that when Mrs. Machay signed the instrument it was only a contract to purchase a monument, and that she did not again sign the instrument. After Mrs. Machay signed the contract for the monument the claimed testamentary portion was added by Anthony. The Probate Court of Will County ruled that the instrument was "an order for a gravestone and does not comply with the Statutes of the State of Illinois."

Appellant advances three arguments in support of his contention that the instrument should have been admitted to probate. He contends that a writing incorporated as a part of a contract is entitled to probate if executed in accordance with the statute governing the execution of wills. This contention is too broad, but it is clear that a writing of a testamentary character, even if a part of another instrument would be entitled to probate if executed as required by the statute

90

on wills. Noble v. Fickes, 230 Ill 594, 82 NE 950; Barber v. Barber, 368 Ill 215, 13 NE2d 257; Austin v. First Trust and Sav. Bank, 343 Ill 406, 175 NE 554. He also contends that the statute does not require that the signatures be affixed in any chronological order, but that the signature of the testator and the witnesses be affixed as a part of the same transaction. This is a correct statement of the law (Conway v. Conway, 14 Ill2d 461, 153 NE2d 11; Brelie v. Wilkie, 373 Ill 409, 26 NE2d 475), but not the answer to the problem presented in this appeal. Lastly, the appellant contends that the words added by Anthony Machay indicated sufficient testamentary intent and should have been admitted to probate.

Assuming but not agreeing that the language used by Anthony and acknowledged by Mrs. Machay as her last will was a sufficient expression of testamentary intent, we must determine if the signing done by Mrs. Machay was for the purpose of effectuating a testamentary disposition of property.

The cases relied upon by the appellant are readily distinguishable from the instant case. In the case of Gibson v. Nelson, 181 Ill 122, 54 NE 901, there was only one purpose for the instrument and by placing his signature upon the instrument the testator intended only to effectuate a testamentary disposition of property. The court in the case of Kolowski v. Fausz, 103 Ill App 528, said, "the rule is, it is immaterial where, in the will, the signature of the testator is placed, if it was placed there with the intention of authenticating the instrument." In the Kolowski case, as in the case of Yowell v. Hunter, 403 Ill 202, 85 NE 2d 674, the sole purpose for the instrument involved was to make a will. Likewise in Conway v. Conway, 14 Ill2d 461, 153 NE2d 11, the instrument purported to be a will only, and when signed the testator intend-

ed to sign a will. Not so, in the instant case, however, for here the subject of wills had not been discussed when the instrument was signed.

Our attention has not been called to any case in our jurisdiction or any other where the instant question is squarely involved. There is as stated above, language which would require that the instrument to be effective as a will must be executed at a time when it was the testator's intention to make a will. The evidence shows here that the instrument was never signed by Mrs. Machay after she had determined to make a will.

In the case of Hoffman v. Hoffman, 370 Ill 176, 18 NE2d 209, the testator's name appeared only in the exordium clause. The instrument was in the testator's handwriting. The Court in affirming a denial of probate said, "Whether the instrument was signed by the deceased, within the contemplation of the statute depends upon whether her name was written or declared as an authenticating signature."

"As a General proposition, in the absence of a statute requiring a will to be signed at the 'end,' 'foot,' or 'close,' the writing of testator's name in or upon the instrument is sufficient, if, at the time of the writing or publication there is an intent on testator's part that such writing will complete and authenticate the document as his testamentary act." Anno 29 ALR 892.

"As a general rule, the use of any signature intended by the testator to authenticate the will is sufficient, no particular form being necessary. On the other hand, unless made with the intention of finally and completely authenticating the will, no subscription or signing of any kind will constitute a valid execution thereof. . . ." 94 CJS Wills § 171. See also 11 Notre Dame Lawyer 433 and 29 Mich L Review 685.

When Mrs. Machay signed the instrument, she then became obligated to purchase a gravestone but did not

make a will. Thereafter she acknowledged that the language added by Anthony was her last will but she never signed that instrument. The statute requiring a will to be signed by the testator is not complied with by the addition of an unsigned testamentary clause to a previously and contemporaneously executed instrument not testamentary in nature, even though the testator acknowledges the second instrument as his will. Section 43 of the Probate Act (Ill Rev Stats 1961, c 3, § 43) establishes a minimum requirement that an instrument to be a will must be signed by the testator at a time when he possesses the intent to authenticate the will. The instrument offered for probate was never signed by Mrs. Machay when she intended to authenticate the instrument as a will and for this reason the Probate Court of Will County properly denied probate to the instrument.

Inasmuch as a decision of the question of whether or not the language used in the instrument was testamentary would not change the result of this cause, we need not consider the final point urged by the appellant.

The judgment of the Probate Court of Will County is affirmed.

Judgment affirmed.

CROW, P. J. and WRIGHT, J., concur.