## Benjamin R. McCleary

### v.

## Henry Menke.

*Filed at Springfield March 26, 1884.*

1. JURISDICTION—*of county court in citation to guardian, and passing upon his account.* Where a person has been appointed guardian of three minor children under a single order of the county court, and he has neglected to discharge his duties and failed to render any account, and two of the wards have died without issue, and a curator has been appointed by the proper court in another State, of the surviving ward, such other State being at the time his residence, such curator will have the right to cause a citation to issue against the guardian, and the county court will be invested with jurisdiction to require an investigation of the entire account, and find the whole sum for which he is chargeable, and such finding and judgment being affirmed, by consent, on appeal to the circuit court, is conclusive in any action afterward brought on the guardian's bond.

2. ADMINISTRATION—*when not necessary, to collect money due decedent.* Where two wards died in 1869, while mere infants, leaving no issue, and being incapable in law of contracting any debts, and leaving their mother and a brother their only heirs at law, and the mother died April 4, 1873, so that the brother succeeded to any estate they had, it was *held*, that the brother, or his curator, was authorized by law to collect from their guardian any moneys of his wards in his hands, and that it was not necessary to have an administrator of the estates appointed to collect and receive such money due them.

3. FOREIGN GUARDIAN—*right to take steps to collect money due his ward.* A foreign curator or guardian of an infant may cause a citation to issue against a guardian appointed in this State, and require him to make a settlement of his guardianship, and thereby ascertain the money in his hands belonging to the ward, without first obtaining an order of court allowing such foreign curator to sue for or collect the same, that proceeding not being strictly an action to collect the money. It is sufficient if he obtains such order before he seeks to collect the money.

4. PRACTICE—*holding on propositions of law on trial by the court.* There is no error in refusing certain propositions as law where they do not contain clear and distinct propositions of law, especially one which is a mere argument.

APPEAL from the Appellate Court for the Third District;— heard in that court on writ of error to the Circuit Court of Cass county; the Hon. Cyrus Epler, Judge, presiding.

Messrs. BROWN, KIRBY & RUSSELL, for the appellant:

The personal estate of a person dying intestate, whilst it descends to and is to be distributed amongst his heirs, after the payment of debts, must pass through due administration, under the direction of the proper court. *Leamon et al.* v. *McCubbin,* 82 Ill. 263; *Nuebrecht* v. *Santmeyer,* 50 id. 64; *Hickox* v. *Frank,* 102 id. 660.

The foreign curator of Eugene Hicks could not institute any proceeding to recover the assets from Howe without obtaining leave from the county court. Rev. Stat. 1874, chap. 64, sec. 44.

The county court has no power to authorize a guardian to compromise or compound, in his discretion, demands in favor of his ward.

A judgment by consent is not an adjudication which will bar a subsequent recovery.

*Res judicata* is the decision of the court upon a contested matter between parties. When a judgment is rendered by consent, or is the result of a compromise, it can not be admitted as *res judicata.* *Wadhams et al.* v. *Gay,* 73 Ill. 417; 2 Smith's Leading Cases, 769; *Smalley* v. *Eddy,* 19 Ill. 207.

Where the administrator of an estate is also guardian, after the time has elapsed for settlement as administrator, as was the case here, "it will be presumed the money has passed to his hands as guardian, and his sureties on his guardian's bond will be held liable for the same." *Bell et al.* v. *The People,* 94 Ill. 230; *Weir* v. *The People,* 78 id. 192; *City of Chicago* v. *Gage,* 95 id. 595.

An order of a probate court directing a guardian to pay over to his successor a certain sum of money in his hands belonging to the ward, is conclusive upon the guardian, unless the order can be impeached for fraud or collusion. *Ammons* v. *The People,* 11 Ill. 6; *Fogarty* v. *Ream,* 102 id. 366; *City of Chicago* v. *Gage,* 95 id. 595; *Morley* v. *Town of Meta-*

*mora,* 78 id. 394; *Crawley* v. *The People,* 95 id. 249; *Roper* v. *Sangamon Lodge,* 91 id. 518.

Messrs. POLLARD & PHILLIPS, for the appellee:

If the county court had jurisdiction, then its acts are *res judicata.* Nothing can be collaterally alleged against them. *Young* v. *Lorain,* 11 Ill. 624; *Sprague* v. *Kane,* 86 id. 580; *Crignon* v. *Astor,* 2 How. 309.

Jennie and Effie having died during their minority, and at a time when they were incapable of contracting debts, their interest in the money vested immediately in their heirs, and it was not necessary to take out letters of administration on their estates. *Riley* v. *Langrey,* 22 Ill. 97; *Cass* v. *Casey,* 25 id. 564; *Lynch* v. *Rotan,* 39 id. 14.

The letters of administration in this case were void, for three reasons:

*First*—They were issued to the public administrator when it appeared that their brother was in the State, as he applied for them. In *Unknown Heirs of Langworthy* v. *Baker,* 23 Ill. 484, it was held, that before the county court can obtain jurisdiction to commit an estate to a public administrator, it should affirmatively appear of record that there was no relative or creditor within the State to whom administration might be committed.

*Second*—The letters having been issued more than twelve years after the death of Jennie and Effie Hicks, their issue was barred by limitation, in the absence of evidence of any circumstances preventing an earlier application for them. *McCoy* v. *Morrow,* 18 Ill. 519; *Fitzgerald* v. *Glancy,* 49 id. 465.

*Third*—Jennie and Effie Hicks having died in their infancy, at a time when they could not have contracted debts, their property immediately vested in their heirs, so that there was nothing to administer upon. *Cass* v. *Casey,* 25 Ill. 564; *Riley* v. *Langrey,* 22 id. 97; *Lynch* v. *Rotan,* 39 id. 14.

Mr. Justice Craig delivered the opinion of the Court:

This was an action brought by the administrator of the estate of Jennie and Effie Hicks, upon a guardian's bond, to collect a certain sum of money claimed to have been received by Edwin Howe, as guardian of Jennie and Effie Hicks, and never paid over or accounted for. The breach alleged in the declaration in substance is, that Howe, on the 12th day of August, 1867, received, as guardian for each of said wards, the sum of $829.22, which he appropriated to his own use. Henry Menke was surety on the bond of Howe, and he alone was served with process. To the declaration he pleaded *nil debet,* and a stipulation was signed, that under the plea filed he might introduce any evidence that would be competent under any special pleas. On a trial of the cause in the circuit court, without a jury, the court found the issues in favor of the defendant, and this judgment was affirmed in the Appellate Court, and the plaintiff, to reverse the judgment of the Appellate Court, has prosecuted this appeal.

A brief statement of facts is necessary to a proper understanding of the questions involved. William M. Hicks died in Cass county on the 14th day of April, 1865, intestate, leaving a widow, Margaret Hicks, and three minor children, Eugene, Jennie and Effie. Edwin Howe, a brother of the widow, was, on June 20, 1865, appointed administrator of the estate. On the 23d of August following, the county court of Cass county appointed Howe guardian of the minors, and he gave bond, with Henry Menke, appellee, as surety. On the 12th of August, 1867, Howe, as administrator, made a settlement of the estate of William M. Hicks, in the county court of Cass county, showing a balance in his hands of $3731.52. The county court, on the same day, ordered this sum to be distributed, as follows: To the widow, one-third, $1243.48; to Eugene G. Hicks, $829.22⅔; to Jennie Hicks, $829.22⅔; to Effie Hicks, $829.22⅔. The court ordered the

several sums due the minors to be paid to their guardian, and that vouchers be produced for the same. No vouchers were, however, produced, nor were any further steps then taken in reference to the settlement of the estate.

In 1869 the two minors, Effie and Jennie Hicks, died, leaving their mother, Margaret Hicks, and their brother, Eugene, their only heirs. At the December term, 1872, of the probate court of St. Louis, Mo., Marcus A. Wolff was appointed curator of the estate of Eugene G. Hicks. After this appointment, and on January 8, 1873, Wolff appeared in the county court of Cass county, and presented a petition for a citation against Howe, guardian of the heirs of William M. Hicks. A citation was issued and served, and on May 23, 1873, Howe appeared and made a report to the following effect: That at the time he made his account current as administrator of the estate of William M. Hicks, deceased, filed in this honorable court August 12, 1867, he stated in such account current that he held in his hands the sum of $3731.52 as such administrator, which sum the said court ordered him to distribute. He further states that the said sum of $3731.52, in said account mentioned, consisted not altogether of money, but that $3000 of it consisted in an indebtedness of one David H. Hill to the estate of said William M. Hicks, for the purchase money by the said Hill from this respondent, as administrator, of certain steamboat stock belonging to the estate of said William M. Hicks, deceased, sold to him by order of this court. The balance of said sum of $3731.52, to-wit, $731.52, was paid to said widow of William M. Hicks, as part of her distributive share of said estate, by virtue of said order of this court; that nothing was realized on the indebtedness of Hill, although all reasonable efforts were made to collect; that Hill was insolvent.

Upon examination of this report, and upon hearing such evidence as was produced, the court found that when the report of August 12, 1867, was made by Howe, he only had

on hand in money $731.52; that the balance of $3000 by him reported was worthless paper; that of the money then on hand, ($731.52,) one-third belonged to the widow, and the balance ($487.86) was the true amount which passed into the hands of Howe, guardian of the three wards, Eugene, Jennie and Effie Hicks, and upon this amount he was chargeable with interest, at the rate of six per cent, from August 12, 1867, making the total amount with which he should be charged as guardian, on the 23d day of May, 1873, $656.74. From this order of the county court, Wolff, the curator, took an appeal to the circuit court, where, by agreement of the parties, the order of the county court was affirmed, and Wolff accepted the $684.65 in full of all claim of Eugene G. Hicks against Howe, either in his capacity as administrator or guardian, and as heir of Margaret R. Hicks, or Effie or Jennie Hicks.

The first question presented by the facts, concerning which there is no substantial dispute, is, whether the court erred in the admission of evidence, and under this head it is contended that all the evidence offered by the defendant relating to the suit by Wolff, curator, against Howe, was irrelevant and immaterial.   Wolff was duly and legally appointed curator of Eugene G. Hicks, by the proper court in the State of Missouri, and his right to compel Howe, as administrator or guardian, to pay over any money belonging to the minor, Eugene G. Hicks, is not questioned; but it is said that the legal representatives of Jennie and Effie Hicks were not parties to the proceeding brought by the curator to compel Howe to account, and hence they are not concluded or bound by the order of the county court, wherein the court found that Howe had in his hands, as guardian, only the sum of $656.74.   It is true that the citation issued against Howe, as guardian, to compel him to pay over the money he had in his hands, was issued at the instance of Wolff, curator of Eugene Hicks, but the service of the citation, and appearance of the guardian in

court, gave the court jurisdiction over the person of the guardian, and the statute conferred jurisdiction over the subject matter, and if the court adjudicated upon the liability of the guardian as to the three minors, the judgment must be conclusive, although the proceeding was not instituted by the legal representatives of Jennie and Effie. Where a person has been appointed guardian of three minor children, under a single order of the court, and such guardian has neglected and failed to discharge his duty as required by the statute, what difference can it make, as to the validity of the judgment of the court in dealing with the guardian, whether he is cited at the instance of one or all three of the minors? Here the citation was issued at the instance of the curator, but when the guardian appeared the court entered upon an investigation of the entire amount in the hands of the guardian, and, in our opinion, the judgment of the county court is conclusive upon the question.

But there is another view that may be taken of the question, which is a conclusive answer to the position of appellant. Effie and Jennie Hicks died in 1869, while they were both minors, leaving their mother, Margaret, and their brother, Eugene Hicks, as their only heirs, and whatever interest they had in the money in the hands of their guardian vested immediately in their next of kin, as they died at an age when they were incapable in law of contracting debts. (*Lynch* v. *Rotan*, 39 Ill. 15.) From the stipulation of facts made for the purpose of a trial, it appears that the widow, Margaret Hicks, died intestate May 4, 1873, and that Eugene is the sole heir of Margaret, Effie and Jennie Hicks. At the time, therefore, that the court determined the amount in the hands of the guardian due to the three minors, or their representatives, which was May 23, 1873, Eugene Hicks, upon whose behalf the citation issued, was the only person who had any interest whatever in the money in the hands of Howe. If we are correct in this, all the persons in interest were before

the court, and its judgment must be regarded as final and conclusive.

It is next urged that the court erred in refusing to hold certain propositions of law asked by the plaintiff. The court approved the first three propositions of law asked by the plaintiff, but the fourth, fifth and sixth were refused. The fourth and fifth were refused by the court on the ground that they were not distinct propositions of law. We have examined the propositions, and fully concur with the circuit court. The fourth, instead of containing a clear and distinct proposition of law applicable to the case, is a mere argument, and the fifth is liable to the same objection, although perhaps not as objectionable as the other one. The sixth proposition was properly refused, if for no other reason, because it was not applicable to the facts of the case. If a party desires to have propositions of law given, they should contain a clear and concise statement of the law, based upon the evidence, and be applicable to the facts in the case as disclosed by the evidence.

It is also said that Wolff proceeded in the county court of Cass county, without first obtaining an order allowing him, as a foreign guardian, to sue. It is true that a citation was issued against Howe, requiring him, as guardian, to appear and account, before an order had been entered authorizing Wolff to sue for or collect the money due his ward,—but this was a matter of no consequence. The citation was not strictly a suit brought by Wolff to collect money,—it was merely a proceeding to require the guardian to account, to determine the amount of money in his hands, and long before Wolff collected any money he procured an order to be entered as required by the statute.

After a careful consideration of the whole record, we are satisfied that the judgment of the circuit court is correct. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*