## Abraham Harris v. Isaac Harris.

1. CONSIDERATION—*Note Given by a Son at His Father's Request.*— A note given by a son at his father's request, for the father's existing debt, and made payable at a future day, is not void for want of consideration.

2. SAME—*Extension of Time, etc.*—An extension of time for the payment of a debt or the performance of an agreement is a sufficient consideration to support a contract.

3. SAME—*Suspension of the Right to Enforce Payment.*—A suspension of the creditor's right to enforce payment of his debt is a sufficient consideration for the promise of a third person to pay it.

Assumpsit, on a promissory note. Trial in the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed December 23, 1898.

JOHN B. BRADY, attorney for appellant.

SAMUELS & SELIGMAN, attorneys for appellee, contended that a debt due from a third person, as from A to B, is a good consideration for a note as from D to B, provided there was an express agreement for delay, or an implied agreement which would arise if the debt were then due and the note were made payable at a future day. Daniel on Negotiable Instruments, 3d Ed., Sec. 185.

In general, a note payable in future, for a debt of a third person already due, amounts, as we have seen, to an indul-

Harris v. Harris.

gence as to the latter debt, and has in that a sufficient consideration. Randolph on Commercial Paper, Vol. 2, Sec. 466.

A subsisting debt due from a third person is a good consideration for a bill or note payable at a future day. Byles on Bills, 128.

See also Popplewell v. Wilson, 1 Strange, 263; York v. Pearson, 63 Me. 587; 1 Parsons on Notes and Bills, second edition, p. 195; Underwood v. Hosack, 38 Ill. 208; Daniel on Negotiable Insts., Vol. 1, Sec. 185; Thompson v. Gray, 63 Me. 228.

The promissory note of a married woman, given for the antecedent debt of her husband, is not void for want of consideration, if it is made payable at a future day. Such a note necessarily operates as a suspension of the right of the creditor to enforce payment of his debt until the note matures. Thompson v. Gray, 63 Me. 228.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action upon a promissory note made by appellant payable to appellee.

At the time the note was delivered, appellant, according to the evidence, held in his own name "all the property" belonging to his father, Moses Harris, who was indebted to appellee. At the request of his father, appellant made and delivered this note for the exact amount of that indebtedness. He now contends that he ought not to pay it because he says, it was without consideration, was merely accommodation paper, and that it was not given or received in satisfaction of the debt of Moses Harris to the appellee.

The debt from Moses Harris to appellee was due. The note in controversy was payable eight months after its date. It was given for the father's existing debt at the father's request, the latter promising to pay it. Such a note is not void for want of consideration, when payable at a future day, as in this case. It operated as a suspension of the right of appellee to enforce payment of his debt against

Moses Harris until eight months thereafter.  Forbearance is a sufficient consideration.   Mulholland v. Bartlett, 74 Ill. 58, 61. ·

" All of the authorities agree that an extension of time for the payment of a debt, or the performance of an agreement, forms a sufficient consideration to support a contract." Underwood v. Hosack, 38 Ill. 208, 214.

When the debt of the third person is due, and the note is made payable at a future day, an agreement for delay is implied.  Daniel on Negotiable Instruments, Vol. 1, Sec. 185.

In Parsons on Notes and Bills, Vol. 1, Chap. 6, second edition, p. 195, the author says:  "A debt from a third person is in general a good consideration for a note.   It certainly would be so if a delay in calling in the debt entered expressly into the bargain.   Perhaps if the debt were payable at once, and the note payable at a future day, or if both were payable in future and the note on the longest time, such agreement for delay would be implied."

In Thompson v. Gray, 63 Me. 228, 230, it is said:  "The promissory note of a married woman given for the antecedent debt of her husband, is not void for want of consideration if it is made payable at a future day.   Such a note necessarily operates as a suspension of the right of the creditor to enforce payment of his debt till the note matures; and it is a rule of law, too well settled to require the citation of authorities in support of it, that such a suspension of the right of the creditor to enforce payment of his debt is a sufficient consideration for the promise of a third person to pay it.   It is not necessary that there should be an express agreement for delay.  The taking of a new security, payable at a future day, by operation of law, and without any special agreement to that effect, imposes upon the creditor the duty of waiting for his pay until the security matures."

The judgment of the Superior Court is affirmed.