Jacob C. Portis, Defendant in Error, v. Bernard Sangerman, Executor, Plaintiff in Error.

### Gen. No. 14,862.

1. APPEALS AND ERRORS—*effect of absence of bill of exceptions.* If the record does not contain a bill of exceptions no question is raised as to the evidence or instructions in the court below.

2. JUDGMENTS—*when pleadings support.* In an action brought against a defendant styled as executor a judgment against such defendant personally is supported by the common counts; the addition of the title "executor" being regarded as descriptive.

Assumpsit. Error to the County Court of Cook county; the Hon. WILLIAM C. DeWOLF, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed January 24, 1911.

CHARLES HERMAN, for plaintiff in error.

MORTON A. MERGENTHEIM, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

Jacob C. Portis, real estate broker, sued Bernard Sangerman, executor of the last will and testament of

Abraham Singer, deceased, in the County Court of Cook county, and recovered a judgment of $425 as commissions for the sale by Portis of a certain piece of property owned by Singer in his lifetime.

The first count sets out the ownership of certain real estate by the deceased in his lifetime; alleged that defendant was executor of the last will, etc., and had full power to sell the real estate of deceased, and to employ agents for that purpose; that plaintiff was a duly licensed real estate broker, and, as such, made a sale, and was entitled to his commission therefor, etc. To this first count was added the common counts consolidated—to all of which the defendant pleaded the general issue.

The record does not contain any bill of exceptions, and so no question is raised as to the evidence or instructions in the court below, but it is contended the pleadings do not sustain the judgment.

We do not agree with this contention. The judgment entered in this case was not against the defendant as executor, and payable in due course of administration, but was against him personally for $425 and costs, and ordered execution therefor.

The cause of action was really against the defendant personally, and he should, in his settlement with the estate, be given credit for any amounts he legitimately pays out for its benefit. He is primarily liable. As we regard the addition of the title executor to the name of the defendant in the suit as merely descriptive of the person of the defendant, the common counts, at least, charged him personally. See Wolf v. Beaird et al., 123 Ill. 585, and citations therein.

We find no reversible error in the record, and the judgment is, therefore, affirmed.

*Affirmed.*