John F. Devine, Administrator, Appellee, v. American Posting Service, Appellant.

### Gen. No. 16,476.

1. CONFLICT OF LAWS—*settlement by foreign guardian no bar to action.* In an action by an administrator for death of decedent caused by a falling billboard, a settlement by a foreign guardian of decedent's daughter is no bar to a recovery in this state, since the authority of such guardian is strictly local.

2. APPEALS AND ERRORS—*error need not be considered where cured by remittitur.* The question as to whether the court erred in not permitting defendant to show payment to a foreign guardian need not to be considered where, if there was error, it was cured by remittitur of the amount.

Action in case for death by alleged wrongful act. Appeal from the Superior Court of Cook county; the HON. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 18, 1912. *Certiorari* denied by Supreme Court (making opinion final).

F. J. CANTY, E. E. GRAY and J. C. M. CLOW, for appellant; E. ALLEN FROST, of counsel.

JOHN S. HUMMER and CHARLES A. McDONALD, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The appellee brought suit against the appellant and The Gunning System, both Illinois corporations, to recover damages for the death of Thomas D. Hender-

son, caused by being struck by a falling sign or bill-board from the roof of a building at Nos. 444 to 462½ West Madison street, Chicago. The first amended count averred that the said defendants were possessed of and maintained said billboard and were negligent in that they "did not safely construct, securely fasten and maintain the said sign or billboard, but on the said day and for a long time prior thereto wholly neg-lected their duty in that behalf, and so carelessly and improperly constructed, secured and maintained this sign or billboard that by and through the negligence" the said sign or billboard fell and struck said Hender-son, inflicting injuries from which he died. The de-cedent left surviving him Helen A. Henderson, an in-fant daughter, for whose benefit the suit was brought. The jury found The Gunning System not guilty and the American Posting Service guilty and assessed the damages at the sum of $5,000. A remittitur of $1,200 was filed, and the court denying a motion for a new trial entered judgment against the appellant for $3,800.

The appellant insists that there was no evidence that the sign or billboard in question was in its pos-session and control and by it maintained; also that there was no evidence that the said billboard was im-properly constructed, secured and maintained, as charged in the aforesaid amended count; but if it be considered that there was competent evidence tend-ing to prove the said averments, then it is clear and manifest that the verdict was against the weight of the evidence. We have made a careful examination of the evidence and think it clearly appears that there was sufficient evidence on which to submit the case to the jury on both of the said averments; and, more-over, we are of the opinion that the verdict was not clearly and manifestly against the weight of the evi-dence.

The decedent was a resident of Illinois. Caroline E. Henderson had been divorced from him and was

residing in Massachusetts. No claim was made in this case for damages in her behalf. The appellant offered evidence by duly certified copies of the records to prove that the said Caroline E. Henderson, as a resident of Massachusetts, on June 11, 1906, petitioned the Probate Court of the County of Middlesex, said state, to be appointed guardian of Helen A. Henderson, residing at Cambridge in said county and state, the daughter of the said petitioner and the said decedent, born March 10, 1902; that the said petitioner was appointed guardian June 22, 1906, of the said minor, by the said Probate Court, with full power and authority to take possession of all real and personal estate of the said ward and manage and dispose of the same according to law and for the best interests of said ward and make true account thereof, etc.; that the said petitioner assented to the said appointment and on June 22, 1906, gave bond in the sum of $400, as such guardian, and same was duly approved, and with said bond was a declaration of the said guardian that to the best of her knowledge and belief there was no real estate or personal property of the estate of the said ward. There was also offered in evidence as a bar to the appellee's claim a satisfaction piece dated August 24, 1909, duly signed and witnessed, wherein the said Caroline E. Henderson as guardian of the said Helen A. Henderson acknowledged the receipt of the payment of $1,200 by the appellant and the said The Gunning System in full payment and discharge of all claims, demands, etc., of the said Caroline E. Henderson as guardian of the said estate of Helen A. Henderson against the said companies by reason of the death of the said Thomas D. Henderson. The court excluded all said evidence on the objection of the appellee, who offered, and the court admitted in evidence, Chapter 162 of the Revised Laws of the State of Massachusetts relating to probate Courts.

The appellant insists that said settlement and discharge by the said guardian was a bar to this action,

and the court erred in excluding said evidence. The Massachusetts statute introduced in evidence provided: "He (the guardian) shall settle all accounts of his ward and demand, sue for and receive all debts due to him, or with the approval of the Probate Court may compromise the same and give a discharge to the debtor." The appellant urges that the said settlement was valid because "it does not fall within that class which is supposedly prohibited from being settled without authority first obtained from the Probate Court," relying upon Manion v. Ohio Valley R. Co., 99 Ky. 504; and also if the said provision of the statute was applicable to the case at bar, the appellant was entitled to the presumption that the guardian conformed her action to the law respecting the transaction when no showing was made to the contrary, and said settlement and release was a bar. Whether such positions might be sustained were this a suit pending in the State of Massachusetts under the statute of that State giving a cause of action therein, we do not stop to consider, for we hold that under the circumstances of this case the said action of the guardian in Massachusetts would not be a bar to the prosecution of the suit here by the appellee.

The appellee was the Public Administrator appointed by the Probate Court of Cook county to administer the estate of the deceased; and brought this action April 13, 1906, to recover on a right of action created by the statutes of this State. In March, 1908, the case was tried and a verdict returned against both of said parties defendant, assessing plaintiff's damages at the sum of $9,000. This verdict was set aside and a new trial granted in July, 1908. In August, 1909, the representatives of the said defendants made the alleged settlement in Massachusetts with the said guardian.

In 13 Am. & Eng. Ency. of Law (2nd ed.) on page 965 et seq., it is said: "A foreign guardian is a guardian appointed in a country or state other than that

of the forum. At the common law a guardian's authority over both the person and property of his ward is strictly local, and does not extend beyond the state or country of his appointment. In the United States a guardian's authority is restricted to the state in which the appointment was made, and strictly he can *virtute officii* exercise no rights or powers in any other state over either the person or property of his ward. As a matter of strict legal right a foreign guardian, as such, is not entitled to the custody and control of the ward; he cannot sue, nor as a general rule can he be sued, out of the jurisdiction in which he was appointed; nor is he as foreign guardian entitled to collect money due his ward, or to receive from an executor or administrator the ward's legacy or distributive share, or to take the property of the ward which is in the possession of a domestic guardian, or to sell the ward's estate," citing many authorities in support of said various propositions. See also 21 Cyc., 263, *et seq.* The guardian in Massachusetts is in this forum a foreign guardian; and no case has been cited by appellant, and we have found none, that holds, or tends to hold, that a foreign guardian has the legal right to settle and release a right of action created under the statutes of another state for the benefit of his ward, and on which a suit at law is being prosecuted in said other state for the benefit of said ward by an administrator duly appointed and authorized under the laws of the said state to prosecute the said suit. We think that the following authorities tend to support our view of this question: Illinois Cent. R. Co. v. Cragin, 71 Ill. 177; McCleary v. Menke, 109 Ill. 294, 301; Chicago & W. I. R. Co. v. Schroeder, 18 Ill. App. (Brad.) 328; and we hold that the said guardian had no power or authority to make a settlement of this action and her attempt so to do is no bar thereto.

Whether the court erred in not permitting the appellant to show the payment of said $1,200 to the said

guardian, duly appointed and qualified under the laws of Massachusetts, for the purpose of receiving a credit therefor by the jury on an assessment of damages, need not be considered for the reason that even if said ruling was erroneous, it was cured by the remittitur of the said amount.

We do not think there is reversible error in the rulings of the court on the evidence, or in the giving or refusing instructions complained of. From the view we take of the case it is not necessary to consider the contention of the appellant that the second count of the amended declaration did not state a cause of action because it failed to state the survivorship of a beneficiary or the contention that the doctrine *res ipsa loquitur* is not applicable.

The judgment is affirmed.

*Affirmed.*