In re Estate of Virginia R. Apsey, Deceased.
Robert Cousin, Appellee, v. Chicago Home for Incurables, Appellant.

Gen. No. 38,746.

Opinion filed April 20, 1936. Rehearing denied May 4,

Chapman & Cutler, of Chicago, for appellant; Dayton Ogden, of Chicago, of counsel.

George D. Kimball, of Chicago, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

This appeal presents the question whether a certain document is a valid codicil to the will of Virginia R.

Apsey, bequeathing personal property to the Chicago Home for Incurables, or whether, as the executor argues, the document was an attempt to make a contract. It is as follows:

"February 1, 1933

"It is understood by the Home and agreed to by me that any moneys remaining in my personal account at the time of my decease shall become the sole property of the Home, it being understood that the Home will carry out all the provisions outlined in our original agreement.

Virginia R. Apsey

"The Chicago Home for
Incurables
Howard Goodsmith
    Director

Witnesses:
Clara Pitts
5535 Ellis Ave.
Nora Sullivàn
5535 Ellis Ave."

It is necessary to narrate certain previous events leading up to the execution of this document. Virginia R. Apsey, a spinster, was blind; January 22, 1924, she became an inmate of the Chicago Home for Incurables, which is a charitable corporation not for pecuniary profit, organized under the laws of Illinois and having its principal place of business in Chicago; on that date a contract was executed by Miss Apsey and the Home which recites that in consideration of $1 the Home undertook to care for her and provide medical attention when necessary; she agreed to turn over to the Home a first mortgage note for $3,000, drawing interest at 6 per cent. Apparently Miss Apsey, because of her blindness, was receiving a pension, and in this contract she agreed to take care of her clothing and incidental expenses from the money which she received from her "Blind pension." It was further agreed that upon her death while a resident of the Home the Home would take charge of the funeral, providing a suitable burial in Cook county, Illinois.

It was stipulated that she delivered to the Home the $3,000 mortgage note mentioned in the agreement; that the contract remained in full force during her lifetime; that from the time she was admitted to the Home in 1924 up to the date of her death the Home cared for her and provided such medical attention as was necessary; she died November 4, 1933, and the Home provided a suitable burial for her, as provided in the contract; at the time of the execution of the document of February 1, 1933, she had in her personal account with the Home, unexpended, money accumulated from her Blind pension, which at the time of her death amounted to $1,818.33.

The deceased left her surviving Fred H. Apsey, her brother, residing in New York City, her only heir at law. She made a will—the time not disclosed by the record—in which her brother was named as the only legatee and devisee. After her death this will was admitted to probate in the probate court of Cook county and letters testamentary were issued under the will to Robert Cousin as executor; subsequently the Home filed its petition in the probate court setting out the above matters and asserting that in addition to her last will she had left a codicil to her will, namely, the instrument dated February 1, 1933, quoted above; the petition asked that the codicil be admitted to probate; after hearing evidence the codicil was admitted to probate; the executor appealed from that order to the circuit court; the Home filed its appearance in the circuit court, and upon trial the circuit court found that the document dated February 1, 1933, was not a will or a codicil of a will of Virginia R. Apsey, and decreed that the order of the probate court admitting it to probate be set aside and held for naught; the Home has appealed to this court from that order.

The circumstances under which the questioned document was executed are not in dispute. Both witnesses to the document, Clara Pitts and Nora Sullivan, were

nurses in the Home; they both testified substantially to the same facts; that on the date of the instrument Miss Apsey, the two nurses and a Mr. Parker were present; that Mr. Parker asked Miss Apsey about the money which had accumulated from her pension fund and asked her if she was willing that the Home should have this money at the time of her death; that Miss Apsey expressed appreciation of the treatment she had received from the Home and expressed her desire that the Home should have this money at her death; the document was read to her and she was asked if she fully understood it, to which she replied in the affirmative; that Mr. Parker placed a pen in her hand and indicated the place on the document for her to sign; the two witnesses signed as witnesses and saw Miss Apsey and each other sign; they testified she was of sound mind and memory at the time. She was about 70 years old at this time; the nurses and the physician who had her in charge testified that Miss Apsey was mentally alert and of a cheerful disposition; although blind she would recognize the voice of anyone coming into her room. She died the following November of acute nephritis.

Under section 2 of our statute on Wills, ch. 148, Ill. State Bar Stats. 1935, all wills and codicils, to be entitled to probate, must (1) Be in writing and signed by the testator, or by some person under his direction; (2) Must be attested by at least two or more credible witnesses; (3) Two witnesses must give proof that they saw the testator sign the will in their presence or that he acknowledged the same to be his act or deed; and (4) The witnesses must swear that the testator was of sound mind and memory at the time of signing or acknowledging the will. Proof of the foregoing facts, in the absence of proof of any fraud, compulsion, or other improper conduct, will make a prima facie case entitling the will to probate. This is virtually a quotation from the opinion in *Noble v. Fickes,* 230 Ill. 594.

That opinion further says, "There is no prescribed form for a will, either under our statute or by the common law. If the intention of the maker to dispose of his estate after death is sufficiently manifested, and this intention be lawful in itself, and the instrument be executed in conformity to the statute, it will operate as a will regardless of its form." These rules are so well established as to require no further citation of decided cases.

In *Robinson v. Brewster*, 140 Ill. 649, the document under consideration briefly stated that, "I, Joseph Robinson, for the consideration of one dollar, to me in hand paid, as well as my affection, do hereby assign and set over to my daughter . . . all of my property, both personal and real, to have the same after my death"; this was signed by Robinson and attested by two witnesses. It was held to be a valid will. In Page on Wills (2nd ed.), vol. 1, sec. 71, it is said that where it appears that no interest is to pass until the death of the promisor, the instrument is a will as distinguished from a contract, citing numerous decisions from different States. In *Austin v. First Trust & Savings Bank*, 343 Ill. 406, a document addressed to a certain person requested him to "deliver to my husband, F. C. Austin," all jewelry and property "as his own and to do with as he sees fit"; there was also a reference to a will which had been made and handed to the person several years before for safe-keeping; this was signed by Mrs. Austin, with two attesting witnesses. It was held to be a valid codicil. *Gump v. Gowans*, 226 Ill. 635, also says that the law does not prescribe any particular form for a will but only requires that it shall be reduced to writing, signed and attested in the presence of the testator by two or more credible witnesses.

Tested by these regulations, it is clear that the document of February 1, 1933, contains all the necessary requirements. It is in writing, signed by Miss Apsey, attested by two credible witnesses who testified that

they saw her sign the document in their presence, and they swore that she was of sound mind and memory at the time; it also contains the provision that it shall take effect upon her death.

The only provision which gives color to the claim of the executor that it is an attempted contract and not a codicil, is the latter clause of the document, which reads, "it being understood that the Home will carry out all the provisions outlined in our original agreement"—evidently referring to the agreement of January 22, 1924, when Miss Apsey became an inmate of the Home.

Conditional bequests are frequent, and a legacy or devise thus conditioned is uniformly recognized as proper. In *LaRocque v. Martin,* 344 Ill. 522, the will bequeathed certain property, provided the devisee should take care of the devisor until she died, and provided that neither the devisee nor her husband made any claim against the estate; it was shown that the conditions were complied with and the will was upheld. In the instant case it is stipulated that all the provisions outlined in the agreement of January 22, 1924, were fully complied with by the Home. In *Keeler v. Merchants Loan & Trust Co.,* 253 Ill. 528, the will referred to other instruments. It was held that such reference was proper. In Page on Wills, section 50, is a discussion with reference to a confusion between a will and other instruments referred to; the author says:

"The important distinction between the will and the other instruments with which it may be confused is that the will does not take effect until the death of the testator, and no interest of any kind passes under it until the death of the testator; while under the other instruments, which must be distinguished from the will, some interest is intended to pass, and the instrument is intended to take effect during the lifetime of

the parties." And again (sec. 52): "An instrument which purports to be a contract may, in legal effect be a will."

It should be noted that counsel for the executor does not assert that the document under consideration is a binding contract, but says it is only an attempt to make a contract. It is reasonable to suppose that it would be contended that as a contract there was no sufficient consideration, as the Home was already under contract, for a valid consideration, namely, the $3,000 mortgage note, to carry out the original agreement. Reduced to the last analysis, the argument is that the document of February 1, 1935, is not effective either as a testamentary bequest or a binding contract. To hold that it is merely a scrap of paper would defeat the manifest intention of Miss Apsey when she executed the document. The language of the document clearly indicates her intention to leave to the Home at her death any balance remaining in her personal account. The circumstances surrounding the execution of the document support this. As her intention is clear and the document contains all the legal requirements to make it a valid codicil, it would be illogical to hold that it was not this because it contains a reference to a previous writing. We are lead irresistibly to the conclusion that the instrument in question is a valid codicil to the will of Virginia R. Apsey, deceased, and that the order of the probate court admitting it to probate was proper.

The order of the circuit court appealed from is reversed and the cause is remanded for further proceedings consistent with what we have said in this opinion.

*Reversed and remanded.*

MATCHETT and O'CONNOR, JJ., concur.