Joseph Barzantny and Theresa Barzantny, Appellants, v. Mary J. Cullen and Edward P. Cullen, Appellees. Mary J. Cullen et al., Appellants, v. Kansas City Life Insurance Company, Appellee.

Gen. No. 38,659.

Opinion filed December 9, 1936.

RATHJE, HINCKLEY, BARNARD, KULP & TUCKER, of Chicago, for appellants; FRANCIS E. HINCKLEY, WILLIAM E. FISHER and JAMES L. COLEMAN, of Chicago, of counsel.

No appearance for appellees.

Mr. Justice Hall delivered the opinion of the court.

On October 2, 1933, Mary J. Cullen and Edward P. Cullen, the defendants, executed a promissory note for $2,337, payable two years after date, to Joseph Barzantny and Theresa Barzantny, plaintiffs, with interest at the rate of six per cent per annum after October 2, 1933, until paid. The note contains a power of attorney, authorizing the payees to confess judgment at any time after the date of the note for the amount thereof, with interest, together with reasonable attorney's fees.

On March 20, 1935, judgment was entered on this note against the defendants for $2,740.48, together with costs of suit, and on April 30, 1935, execution was issued and returned, no property found and no part satisfied. On April 30, 1935, the Kansas City Life Insurance Company was summoned as a garnishee, and on June 29, 1935, the garnishee answered that it was indebted to Mary J. Cullen in the sum of $994.18. On July 3, 1935, Edward P. Cullen petitioned the court to vacate the judgment as against him on the ground that he had received no consideration at the time of the signing of the note, and that no one for him had received any such consideration. On July 15, 1935, on motion of Edward P. Cullen, the court ordered that the judgment be opened and leave be given to the defendants to appear and make defenses to the action, that trial be had notwithstanding the judgment, that the judgment should stand as security, and that the petition stand as an affidavit of merits. On September 17, 1935, after a hearing, the court found the issues against the plaintiffs, and ordered that the judgment entered against the two defendants on March 20, 1935, be vacated and set aside. On September 18, 1935, the garnishee was discharged. This is an appeal from the order vacating the judgment and from the order discharging the garnishee. There is no appearance here for defendants. Prior to the entry of the order vacat-

ing the judgment, an amended petition was filed by Edward P. Cullen in which he prayed that the judgment be vacated, and in which it is recited in substance that prior to the date of the note, Edward P. Cullen, the father of the defendant, and the husband of Mary J. Cullen, was indebted to the plaintiffs in the sum of $3,000 evidenced by a note; that in 1933, Cullen, Sr., died; that after the father's death, plaintiffs expressed concern over the collectibility of the father's debt ''because a building which they looked to for security was foreclosed''; that ''no estate was opened for the deceased's estate''; that after Edward P. Cullen, Sr.'s death, $400 was paid to the plaintiffs out of insurance money collected on the death of Edward P. Cullen, Sr.; that at the time of the payment of the $400, defendant Edward P. Cullen and his mother, Mary Cullen, signed the note in question for the unpaid balance and accrued interest then due and unpaid, on the father's debt, and that at the time of the signing of the note in question, Edward P. Cullen, Jr., did so merely at the request of the plaintiffs and in ignorance of his rights and duties; that he received no benefits from plaintiffs, nor did plaintiffs suffer any detriment, that plaintiffs did not deliver anything of value to defendant, Edward P. Cullen, that he received no consideration on account of the note, and that no one for him received any consideration. Also, that he was unaware of the fact that judgment had been entered against him by confession until he was notified by the garnishee of such fact.

On the hearing on this petition, Edward P. Cullen testified that the note in question was signed by him on the date it bears. He further testified to the fact that the debt of his father Edward P. Cullen, Sr., to plaintiffs in the sum of $3,000 was overdue and wholly unsatisfied, except as stated; that at the time of the execution of the note, he informed the plaintiffs that he

would take care of the note as well as he was able to by small payments; that the consideration for the original note was received by the father of Edward P. Cullen in cash, and that to his best knowledge, it was used to pay taxes on certain real estate.

What the condition of the estate of Edward P. Cullen, Sr., was, or whether there were any properties belonging to such estate which might be applied to the payment of the $3,000 note of Edward P. Cullen, Sr., does not appear from the record. It is shown, however, that the plaintiffs were pressing the defendants for its payment, and that apparently, because of such pressure, defendants signed the note in question. It does not appear that at this time, there had been any effort made to administer the estate through the regular legal channels in the probate court. Under such circumstances, it seems reasonable to assume that the defendants signed the note in question, believing at the time that it was to their best interest to do so. In view of the fact that the defendants have filed no brief here, this court is left somewhat in the dark on this question. As stated, the record does clearly indicate that when the defendants were pressed for the payment of the note of Edward P. Cullen, Sr., they voluntarily signed the note sued on. The fact that at this time, as he states, the defendant, Edward P. Cullen, Jr., received no money consideration for the execution of the note, is beside the point. (*American Nat. Bank v. Woolard,* 342 Ill. 148.) If the note in question was executed and delivered to plaintiffs in order to induce them to desist from instituting proceedings to collect the amount due by the terms of the original note from any possible assets of the estate of Edward P. Cullen, Sr., or to procure further time, as seems probable, of course, either would have been sufficient consideration for its execution and delivery. (*McMicken v. Safford,* 197 Ill. 540.) The consideration for

the note is presumed, and the burden was upon defendants to show the lack thereof, which they have not done.  See *American Nat. Bank v. Woolard, supra.*

We are of the opinion that the court was in error in vacating the judgment and in discharging the garnishee.  Therefore, both the order vacating the judgment and the order discharging the garnishee are reversed.

*Reversed.*

Denis E. Sullivan, P. J., and Hebel, J., concur.