John M. Weiland et al., Appellants, v. Anna M. Weiland, Appellee.

Gen. No. 39,984.

Heard in the second division of this court for the first district at the February term, 1938. Opinion filed November 17, 1938. Rehearing denied December 7, 1938.

PRITZKER & PRITZKER, of Chicago, for appellants; RICHARD WEINBERGER, of Chicago, of counsel.

WILLIAM R. WILEY, of Chicago, for appellee.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

John M. Weiland, Theodore Weiland and Lillian Sanford, as trustees, brought suit at law against Anna M. Weiland on a promissory note for $3,000. Trial was had by the court without a jury, resulting in find-

ings and judgment in favor of defendant, from which plaintiffs appeal.

From evidence adduced upon the hearing, it appears that Anna M. Weiland, the defendant, was executrix of the estate of Margareth Weiland, her mother. Among the assets of the estate was an indebtedness due from Mary Olinger, defendant's sister, who was also one of the beneficiaries. There is evidence that Mrs. Olinger's indebtedness to her parents was secured by a mortgage on her home. Defendant testified that her parents would have disapproved of the foreclosure on the Olinger home to enforce payment of this indebtedness, and she believed that Mrs. Olinger's distributive share of the assets of the estate would be more than sufficient to pay the indebtedness. Accordingly, defendant gave to her brothers and sisters, who were all beneficiaries of the estate, notes in various amounts evidencing the respective sums that would have been collected from Mrs. Olinger had she paid her indebtedness. It was sought through this procedure to avoid suit or foreclosure of the mortgage. Defendant computed the amount of the notes by dividing the Olinger indebtedness by the number of persons entitled to distribution from the estate, and where any distributee was indebted to the estate, as several of them were, the amount of such debt was deducted from the note. The note sued on is one of the notes thus made and given to defendant's brother, John Weiland, who died in August, 1932. His estate was never probated, all of his debts having been paid by his son, one of the plaintiffs herein, and the assets distributed to the heirs and next of kin. Subsequently these heirs, by written instrument, assigned the note to plaintiffs, who instituted this suit.

Three principal defenses were interposed by defendant. It is first urged that the heirs of a person dying intestate cannot maintain a suit in their own name

upon a promissory note payable to him. This defense was presented to the court through an amendment filed after the hearing, contesting plaintiffs' right to bring this suit. The proofs were thereupon reopened, and plaintiffs offered testimony to show that the payee of the note had died in August, 1932, that all his debts were paid by his son within a year and a half after he died, that the payee's estate was never probated, and that all the assets were distributed among the heirs. The question thus presented is whether, under these circumstances, plaintiffs were entitled to maintain this suit. Defendant's counsel argues that the only one who may conduct a suit to collect the assets of an estate and distribute them, is the personal representative, and not the assignee of the heirs, and he cites and relies upon *Leamon v. McCubbin,* 82 Ill. 263, and *Oulvey v. Converse,* 326 Ill. 226, to sustain defendant's position. While it may be conceded that these decisions state the general rule, the circumstances of this case afford an exception to the rule approved by the authorities. In neither of the foregoing cases was it shown that the payee had died intestate, that the assets were not probated and that all debts had been paid. The law applicable to the question involved is well stated in *Moore v. Brandenburg,* 248 Ill. 232, wherein Mr. Justice Farmer, speaking for the court, said that one of the questions involved was whether the heirs of an intestate, where there is no administration and no debts, take such title to the personal property as will enable them to maintain a bill to procure their distributive share of the estate. The contention was there made that no title to personal property of an intestate vests in the heirs without administration, and that they cannot, therefore, maintain a bill in equity to procure their distributive share of the estate. In discussing this question, the court said (p. 236): ''While the naked legal title to the

personal property of an intestate vests in the administrator, the equitable interest vests in the heirs and the administrator holds the property in trust for the payment of debts. The residue after the payment of debts belongs to the distributees. (*People v. Brooks,* 123 Ill. 246.) The general rule is that the administrator represents the deceased as to the personal estate and is entitled to take possession of it, and when the liabilities are discharged distribute the residue to the heirs according to the laws of descent, and where there is an administrator the heirs are not entitled to sue for and recover property belonging to or demands due the intestate. *There is, however, an exception to the general rule where there are no debts or claims of any kind against the estate, and nothing for an administrator to do, if one should be appointed, except to distribute the personal estate to those entitled to it by law. In such cases, although the authorities are not in entire harmony, the weight of them is that it is unnecessary to go through the legal form of having an administrator appointed for the sole purpose of distributing the personal estate, but the heirs may maintain necessary actions for the purpose of reducing property to possession in order that it may be distributed.* In *McCleary v. Menke,* 109 Ill. 294, and *Lynch v. Rotan,* 39 id. 14, it was held that where there are no debts of the intestate and no administration upon the estate, the heirs are entitled to the property and may maintain an action therefor in their own names.'' (Italics ours.) On oral argument counsel for defendant sought to distinguish *Moore v. Brandenburg* from the case at bar upon the theory that it was a chancery proceeding. However, we see no difference in principle, and take *Moore v. Brandenburg* as expressing the exception to the general rule for which plaintiffs contend.

It is next urged by defendant that there was no valid consideration for the note. Counsel argues that the instrument sued on was not a negotiable instrument, but a chose in action, and that since it was not a negotiable instrument its offer in evidence did not make out a prima facie case, and when rebuttal evidence was offered, it became incumbent upon plaintiffs to prove their case by a preponderance of the evidence. *Blanke v. Hammel,* 256 Ill. App. 251, is cited to support this contention. The declaration in that case was held insufficient because the assignee of the chose in action did not state the actual ownership thereof by the plaintiff, nor set forth facts showing how and when he acquired title thereto. In the case at bar, however, count one of plaintiffs' amended complaint set forth specifically all the facts and circumstances relating to the death of Margareth Weiland, the appointment of Anna Weiland as trustee and executrix under the will, the delivery of the note to John Weiland and a detailed description thereof, the death of John Weiland, and the transfer of the note to plaintiffs by an instrument in writing, as well as the fact that plaintiffs became the bona fide owners and holders of the note, and the failure of defendant to make payment thereon. These allegations and proof thereof were sufficient to comply with the requirements of section 18 of the Practice Act, Cahill's Ill. St. 1931, ch. 110, par. 18, which provides in substance that plaintiff shall state the manner in which he became entitled to bring the action. Upon trial plaintiffs offered the note in evidence. It was then incumbent upon defendant to prove, if she could, a want of consideration. (*American Nat. Bank v. Woolard,* 342 Ill. 148.) To maintain this burden defendant testified that she received no benefit from the making of the note. On cross-examination plaintiffs' counsel elicited from defendant an admission that if Mrs. Olinger had paid the indebtedness to the estate

the money would have been distributed in lieu of the notes, and defendant also explained that at the time of the death of the Weiland parents, certain loans they had made to some of their children were outstanding and unpaid, including the indebtedness of Mrs. Olinger. The mere fact that defendant received no benefit from the execution of these notes, as she claims, would not of itself constitute a want of consideration. (*Barzantny v. Cullen*, 287 Ill. App. 440, 443; *American Nat. Bank v. Woolard*, 342 Ill. 148, 157.) It clearly appears that Mrs. Olinger received something of value through the arrangement made with the other distributees of the estate; her home was not foreclosed, and no effort was made to collect the indebtedness. Whether the debt was completely canceled or only extended until such time as the real estate in the mother's estate might be liquidated, does not appear of record, but it is certain there was a forbearance extended to Mrs. Olinger, and a benefit of this kind is in itself a sufficient consideration to support a note. (*Harris v. Harris*, 80 Ill. App. 310, affirmed in 180 Ill. 157; 8 Corpus Juris 213, Bills and Notes, sec. 348.) Moreover, the payee who accepted the note under the arrangement made by defendant forbore his right to receive cash which would have been paid to him had Mrs. Olinger paid her debt, or a share in the title of the property in the event of foreclosure, and this, under the authorities, constitutes a good consideration for the instrument sued on.

The remaining defense interposed by defendant was that the statute of limitations bars recovery. This defense is untenable, for two reasons. The original complaint was filed one day before the 10-year period had elapsed, and the amended complaint, which was later filed, set up the same cause of action as is contained in the original pleading. Under ch. 110, par. 170, sec. 46, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann.

104.046], the amended complaint relates back to the date of filing of the original complaint. (*Smith v. Illinois Power Co.*, 279 Ill. App. 505.) Moreover, defendant volunteered the information on cross-examination that she had paid interest on the notes given to the various distributees for a period of one year, and these payments tolled the statute of limitations during that period (*Harts v. Emery*, 184 Ill. 560; *Berry v. Berry*, 238 Ill. App. 507.) The amended complaint was filed within 10 years from the last interest payment.

Counsel argues that defendant's testimony as to interest payments is of no avail to plaintiffs, because both the original and amended complaints alleged that nothing was paid on principal or interest, and that no law is better settled than that proofs without allegations are just as unavailing as allegations without proofs. However, the statute of limitations was interposed as one of the defenses, and being an affirmative defense, it was incumbent upon defendant to maintain the same by competent evidence. Since her own testimony disproves the contention that the statute had run, she cannot very well complain thereof.

The only other contention made by defendant is that she is not liable on the note because she executed it as an agent and not in her personal or individual capacity. Plaintiffs brought this suit against defendant both individually and as executrix. Holding as we do that the note was supported by a valid consideration, defendant must be liable in one capacity or the other. Williston & Thompson, in Vol. 1 of their 1936 Revised Edition on Contracts, sec. 310, p. 906, states the rule as follows: "Any contract made after the testator's death by an executor or administrator is necessarily his personal contract, as the common law does not recognize the estate of a deceased person as an entity. . . ." The mere fact that defendant described herself as executrix of an estate does not alter

this rule, and the additional words accompanying her signature must be considered as *descriptio personam.* (*Portis v. Sangerman,* 159 Ill. App. 508; *Jahp v. Bradley,* 185 Ill. App. 215; *Marsh v. Steiniger,* 225 Ill. App. 114.)

Inasmuch as the cause was heard by the court without a jury it would serve no useful purpose to remand it. The judgment of the circuit court is therefore reversed and judgment entered here in favor of plaintiffs for the amount of the note together with interest thereon at five per cent from April 1, 1928 to November 12, 1937 ($1,441.90) and interest on $4,441.90 from November 12, 1937.

*Judgment reversed and judgment here for plaintiffs.*

JOHN J. SULLIVAN and BURKE, JJ., concur.