Plaintiff may amend within ten days or failing to do so suffer a dismissal of its complaint.

 If plaintiff desires to controvert the facts set forth in the affidavits filed in support of defendant Skelly Oil Company's motion to quash the service upon it, plaintiff shall do so by affidavit within ten days from this date (see Rule 43(e), 28 U.S.C.A. following section 723c), otherwise that motion will be sustained.

## O'CONNELL v. UNITED STATES et al.
### (two cases).
### Nos. 32–D; 604–D.

District Court, E. D. Illinois.
April 7, 1941.

Army sues to recover United States pension moneys accumulated and paid to some one or more of defendants for the benefit of each of the respective decedents while he was a member of a National Soldiers Home or of a Veterans Facility. Inasmuch as the facts in the two causes are largely similar and the issues almost identical, the motions to dismiss each complaint will be disposed of in one memorandum.

28 U.S.C.A. § 41 Paragraph (20) prohibits any suit against the Government unless it shall have been brought "within six years after the right accrued for which the claim is made." In the Freiburg case the veteran died intestate November 15, 1930. An administrator was appointed January 5, 1937, and the suit filed February 11, 1939. Hence, says the Government, the suit is barred. Plaintiff replies that a right cannot be said to have accrued until or unless there is in existence a party in whom it is lodged. 17 R.C.L. 751; 24 C.J. 772.

But this action was brought to recover personal property of the decedent, which, under the statutes of Illinois descends to his next of kin and which, in the absence of debts, they have a right to recover and possess, when no administrator is appointed. Moore v. Brandenburg, 248 Ill. 232, 93 N.E. 733, 140 Am.St.Rep. 206; Cotterell v. Coen, 246 Ill. 410, 92 N.E. 911; People v. Abbott, 105 Ill. 588; Lynch v. Rotan, 39 Ill. 14; Weiland v. Weiland, 297 Ill.App. 239, 17 N.E.2d 625. Consequently, reason for the rule is not present. The administrator speaks merely as representative of the real parties in interest, the cause of action in whose behalf came into existence, accrued, within the meaning of the statute, at the time of the death of the decedent. At that moment, under plaintiff's theory, the Government became liable to pay to the statutory distributees of the deceased the moneys of decedent it is charged with having retained. This brings the case within Manly v. Kidd, 33 Miss. 141, in which the court held that where distributees had the right to sue for recovery of property belonging to their ancestor if there were no debts, if a suit by them is barred a recovery by the administrator will also be barred even though the administrator was appointed within the period prescribed by the statute of limitation. To the same effect is Tynan v. Walker, 35 Cal. 634, 95 Am. Dec. 152. Reasoning likewise are Illinois decisions that the statute begins to run against an action for personal injuries at

Allen & Dalbey, of Danville, Ill., for plaintiff.

Arthur Roe, U. S. Atty., of Danville, Ill., for defendants.

LINDLEY, District Judge.

In each of these cases the administrator of a deceased veteran of the United States

the date of the injury. Calumet Electric St. Ry. Co. v. Mabie, 66 Ill.App. 235; Leroy v. Springfield, 81 Ill. 114. As remarked in Stubbs v. United States, D.C., 21 F.Supp. 1007, the right of one to sue the United States for property or its value accrues when the property is taken and the time for bringing suits starts to run then. Indeed, bringing of the suit within the period prescribed is jurisdictional. Compagnie Generale Transatlantique v. United States, 2 Cir., 51 F.2d 1053; John K. & Catherine S. Mullen Benevolent Corp. v. United States, 290 U.S. 89, 54 S.Ct. 38, 78 L.Ed. 192; Carpenter v. United States, 2 Cir., 56 F.2d 828. Assuming without deciding that the United States was properly sued, inasmuch as the complaint fails to show that suit was brought within the time prescribed by statute, it fails to state a cause of action against the United States.

■ Defendants other than the United States are sued as manager, accountant, treasurer and special disbursing agent of the Danville, Illinois Facility of the Veterans Administration and the Danville, Illinois Branch of the National Home for Disabled Volunteer Soldiers. But the alleged cause of action arises entirely out of pension moneys received by the treasurer of the Home while the decedent was an inmate therein and retained by the treasurer for the members' benefit. On July 3, 1930, Congress provided, 38 U.S.C.A. chap. 1A, § 11 et seq., that this Home and others should be dissolved and their functions consolidated in one establishment known as the Veterans Administration, to become effective when an executive order that the proper steps had been effected should be proclaimed. Such a proclamation was made on July 21, 1930. By virtue thereof, under Section 5 (b) of the Act, all obligations of the home devolved upon the United States, which was substituted for the previously existing corporation with respect to all demands against the earlier corporation. Courts were given power to enter judgment against the United States to the full extent of the liability of the previously existing corporation. Consequently the liability of the Home has ceased; plaintiff's cause of action has shifted from one against it to one against the United States; the latter alone remains liable for the claim here asserted. The other defendants are in no wise liable; the complaint states no valid cause of action as to them.

If I be of error in this conclusion, insofar as the former treasurer of the home is concerned, if the legislation effected no discharge of his liability as collecting officer, then the cause of action against him is barred for the same reason that it is barred against the United States.

■ In cause 604–D the veteran died March 8, 1931. The administrator was appointed January 5, 1937. The suit was filed February 25, 1937. Consequently the limitation provided in the Tucker Act does not bar the action.

■ However, at the time decedent became a member of the Home he entered into an agreement identical with that quoted in United States v. Stevens, 302 U.S. 623, 58 S.Ct. 388, 82 L.Ed. 484, such action being required by the act of Congress governing applications for admission. Title 24 U.S.C.A. § 136. That act provides that every applicant shall enter into a contract with the Home to the effect that at his death all his personal property shall pass to the Board of Managers, subject to be reclaimed by any person entitled to said property by inheritance or testamentary provision at any time within five years after the death of the member. This suit was filed more than five years after the death of the member. Under the quoted limitation, the action to recover funds disposed of by the contract is barred.

■ But plaintiff insists that the contract was in conflict with the laws of Illinois in that it amounted to an attempt to make a testamentary disposition of the decedent's property without complying with the statute of wills of Illinois. Smith-Hurd Stats. c. 148, § 1 et seq. In disposing of this contention I shall assume without deciding that pension moneys collected by the treasurer for the veteran, when paid by the Government, lost their character of gratuities and became assets of the veteran. If the attempted disposition of property was of testamentary character it was inoperative, unless made in writing in conformity with the statute of wills. Comer v. Comer, 120 Ill. 420, at page 428, 11 N.E. 848; Williams v. Chamberlain, 165 Ill. 210, at page 218, 46 N.E. 250; Kelly v. Dyer, 359 Ill. 46, 194 N.E. 255; Hopkins v. Hughes, 340 Ill. 604, at page 610, 173 N.E. 100; In re Apsey's Estate, 285 Ill.App. 29, 1 N.E.2d 558. In Illinois, therefore, says plaintiff, the situation is not what it was in United States v.

Stevens, supra, where it was contended that a similar contract was invalid under the law of Massachusetts because in violation of the statute of that state governing testamentary disposition of property. The Supreme Court found that the Massachusetts law did not forbid such contract. Plaintiff insists that the Illinois law differs and invalidates the present contract and that, therefore, the Stevens decision has no binding effect.

But it is to be observed that this was a contract to the effect that if the applicant should be admitted and cared for in the National Home for Disabled Soldiers, property owned by him at his death should be delivered to the Home, subject only to the rights of his legal distributees if asserted within five years. Such service contracts are not invalid in Illinois as attempted testamentary dispositions but have been repeatedly enforced when executed and possessing consideration and all other elements necessary to a valid contract. Dalby v. Maxfield, 244 Ill. 214, 91 N.E. 420, 135 Am.St.Rep. 312; Warren v. Warren, 105 Ill. 568. The court, in its announcement in Dalby v. Maxfield, supra, relied upon the following authorities: Martin v. Wright's Adm'rs, 13 Wend., N.Y., 460, 28 Am.Dec. 468; Patterson v. Patterson, 13 Johns., N.Y., 379; Little v. Dawson, 4 Dall. 111, 4 U.S. 111, 1 L.Ed. 763; Wellington v. Apthorp, 145 Mass. 69, 13 N.E. 10; Davidson v. Davidson, 13 N.J.Eq. 246; Logan v. McGinnis, 12 Pa. 27; Fortescue v. Hennah, 19 Ves.Jr. 67; Bryson v. McShane, 48 W.Va. 126, 35 S.E. 848, 49 L.R.A. 527, and cases there cited. At the time the contract was made the service to be rendered by the Home had not been supplied; at the time of his death it had been. In other words this is a case of an executed contract of service in consideration of which the decedent had agreed that the Home should have his property. So far as the law of Illinois was concerned, this was a valid agreement and under United States v. Stevens, valid likewise under the acts of Congress.

If there be error in the conclusion in the Freiburg case that the cause of action is barred by the six-year limitation then everything that I have said concerning the Warren case is applicable thereto, for the circumstances, other than the time of commencement of suit, are identical.

The motions to dismiss are allowed and judgment will enter in favor of defendants in each of the causes, in bar of action and for costs, payable in due course of administration.